IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY A. MacCARTNEY, BURT MAYER, SHANNON MCGLON, ROBERT A. WINTER, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NUMBER: 2:05-CV-1207-MHT<br>) |
| ONYX CAPITAL VENTURES, L.L.C., | )<br>) |
| Defendant. | ) |

## MOTION TO SET ASIDE ENTRY OF DEFAULT AND/OR DEFAULT JUDGMENT

COMES NOW Defendant Onyx Capital Ventures, LLC ("Oynx"), pursuant to Rule 55(c) and/or 60(b), Fed. R. Civ. P.[1], and moves this Court to set aside the entry of default and/or default judgment entered against it and as grounds for said motion states as follows:

## PROCEDURAL HISTORY

The Summons and Complaint in this case was filed on December 19, 2005. The Summons and Complaint was issued on December 22, 2005.

On January 24, 2006, an individual whose signature is illegible signed for the Summons and Complaint. The plaintiffs served their Complaint via certified mail, addressed merely to "Onyx Capital Ventures, LLC." The plaintiffs did not address the Summons and Complaint to the attention of any individual authorized by law to accept service for the defendant. The defendant did not file an answer and as a result, an application for default judgment was filed on February 20, 2006. Plaintiffs purportedly served the Application for Default Judgment on the

---

[1] A review of the Court file indicates that an entry of default has been made, but no default judgment has yet been entered. If this is the case, then this motion is filed pursuant to Rule 55(c).

defendant by sending it via regular U.S. mail addressed again only to "Onyx Capital Ventures, LLC." The next day, February 21, 2006, before the defendant received its service copy of the plaintiffs' Application for Default Judgment in the mail, an entry of default was entered against the defendant.

## RELIEF REQUESTED

### Standard for Setting Aside Default Judgment

Federal Rules of Civil Procedure 55(c) provides that the Court may set aside an entry of default for good cause shown, and that it may set aside a default judgment in accordance with Rule 60(b). In determining the cause to set aside default, courts have considered whether the default was willful or culpable, whether setting aside the default would prejudice the plaintiff, and whether the defaulting party can present a meritorious defense. *See Compania InterAmericana Export-Import S.A. v. Compania Dominicana de aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Moreover, courts have noted that defaults are viewed with disfavor because of the strong public policy of determining cases on their merits. *See e.g., Florida Physicians Ins. Co., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Gulf Coast Fence, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984).

### The Entry of Default and/or Default Judgment are Due to be Set Aside

A.    <u>Service was not proper on the defendant</u>.

In support of its motion to set aside default, Onyx states that it was not properly served with the plaintiffs' Complaint. The plaintiffs attempted service of their Complaint via certified mail, addressed merely to "Onyx Capital Ventures, LLC."[2] The plaintiffs did not address the Complaint to the attention of any particular individual, either authorized by law to accept service for Onyx or otherwise.

---

[2]   A copy of the summons and of the certified mail return receipt is attached hereto as Exhibit "A."

Rule 4(h) of the Federal Rules of Civil Procedure governs service upon Onyx. Pursuant to Rule 4(h), a plaintiff is required to serve a complaint upon an officer, managing agent, general agent, or other agent authorized by law to receive service of process for the corporate defendant. To effectively serve a corporation through an officer, manager, or general agent, the summons and complaint must be served on a person acting in one of those capacities. Simply addressing the mail to the corporation generally, as did the plaintiffs in this case, will not suffice. *See, Larsen v. Mayo Med. Ctr.,* 218 F.3d 863 (8th Cir. 2000).

Alternatively, a plaintiff can serve a defendant in accordance with the law of the state in which the district court is located, Alabama, or in accordance with the law of the state in which service is attempted, Illinois. Fed.R.Civ.P. 4(h), 4(e)(1). The plaintiffs' attempted service was improper under both Alabama and Illinois law. Specifically, like the Federal Rules, Rule 4(c)(6) of the Alabama Rules of Civil Procedure expressly requires proper service upon a business entity to be made by the clerk of the court upon "an officer, partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Similarly, Illinois law requires proper personal service upon an entity's "registered agent or any officer or agent of the corporation found anywhere in the State." 735 ILCS 5/2-204, *see also, Watson v. United States Tobacco Mfg. Co., Inc.,* 1998 WL 774975 *3 (N.D. Ill. Oct. 27, 1998)(expressly holding that service upon a corporation via <u>certified mail</u> to the address of the corporation and merely <u>in the name of the corporation</u> is an improper method of service). In fact, there are no Illinois Code provisions which even permit service upon a corporation via mail outside of cases involving property, which is not the type of case before this Court.

For all of these reasons, service in this matter was never perfected on Onyx since the plaintiffs simply mailed the Complaint, addressed generally to "Onyx Capital Ventures, LLC."

The plaintiffs failed to perfect service on Onyx as required by the Federal Rules, Illinois law or Alabama law.

B.  **If Court determines service was proper, Defendant is guilty of excusable neglect.**

Defendant submits that the default is due to be set aside, as any failure to file a response to the Complaint was inadvertent and was not the result of willful or culpable conduct on the part of the defendant. If anything, the defendant is guilty of excusable neglect. As is required for proper service, there was no specific addressee on the letter. As a result, a delay in responding to the Complaint occurred.

C.  **Plaintiffs would not be prejudiced by setting aside default.**

In addition to the absence of willful or culpable conduct, the plaintiffs will not be prejudiced by setting aside the entry of default. Plaintiffs will not be prejudiced by setting aside the default because such action would not result in any significant delay in litigating the adversary proceeding. There will be no loss of evidence, unavailability of witnesses, or roadblocks to discovery.

D.  **Defendant has meritorious defenses to the plaintiffs' Complaint**

The defendant has substantive defenses to the Complaint. Without limitation, the defendant denies any allegations of race discrimination as alleged in the Complaint. In particular, the defendant denies that it maintains a policy, practice, custom or usage of discrimination because of race and will be able to prove the same. Furthermore, the defendant will be able to prove that they did not deny the plaintiffs their rights and that no action on the part of the defendant was designed to discriminate against the plaintiffs. Defendant, furthermore, will be able to prove that the plaintiffs were not damaged as alleged in their Complaint.

## **CONCLUSION**

As set forth above, based on the applicable standard, the entry of default and/or default judgment are due to be set aside. *See Compania InterAmericana*, 88 F.3d at 951.

As a matter of due process, and to the extent the parties cannot amicably resolve the issues presented in the instant adversary proceeding, the defendant is entitled to an adjudication by the Court on the merits of the Complaint.

WHEREFORE, premises considered, Defendant requests the Court to set aside the entry of default and/or default judgment.

Respectfully submitted,

s/ William C. McGowin
William C. McGowin (MCG040)
George R. Parker (PAR086)
Robert E. Poundstone IV (POU006)
**Attorneys for Defendant**
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone:  334.956.7700
Facsimile:   334.956.7701
Email:  wmcgowin@bradleyarant.com
           gparker@bradleyarant.com
           bpoundstone@bradleyarant.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Keith Anderson Nelms, Esq.
>Jay Lewis, Esq.
>*Law Offices of Jay Lewis, LLC*
>P. O. Box 5059
>Montgomery, AL 36103-5059
>andynelms@jaylewislaw.com
>j-lewis@jaylewislaw.com

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non CM/ECF participants:   n/a.

>Respectfully submitted,
>
>*s/William C. McGowin*
>William C. McGowin
>Bradley Arant Rose & White LLP
>Alabama Center for Commerce
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104
>Phone:  (334) 956-7700
>Fax:  (334) 956-7701
>E-mail:  wmcgowin@bradleyarant.com