EEOC FORM 131 (5/01)

# U. S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms Brenda Sellers<br>Human Resource Director<br>PIKNIK PRODUCTS COMPANY<br>3806 Day Street<br>Montgomery, AL 36108 | **PERSON FILING CHARGE**<br><br>**Bert W. Mayer**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**130-2005-05522** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act  [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [X] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **19-AUG-05** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **02-AUG-05** to **Debra B. Leo, ADR Coordinator, at (205) 212-2146**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Donald P. Burris,
Deputy Director
_EEOC Representative_
Telephone: **(205) 212-2081**

**Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street, South**
**Birmingham, AL 35205**

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

EXHIBIT D

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jul 19, 2005 | Bernice Williams-Kimbrough,<br>District Director | _[signature]_ |

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | 130-2005-05522 |

_____ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms, Mrs.)
Bert W. Mayer

**HOME TELEPHONE** (Include Area Code)
(334) 277-1506

**STREET ADDRESS**
2313 Sagewood Drive

**CITY, STATE AND ZIP CODE**
Montgomery, AL 36117

**DATE OF BIRTH**
06/18/63

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

**NAME**
Onyx Capital Ventures D/B/A Piknik Products Company

**NUMBER OF EMPLOYEES, MEMBERS**
250+

**TELEPHONE** (Include Area Code)
(334) - 265-1567

**STREET ADDRESS**
3806 Day Street

**CITY, STATE AND ZIP CODE**
Montgomery, Alabama 36108

**COUNTY**
Montgomery

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box (es))
☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE OF DISCRIMINATION TOOK PLACE**
EARLIEST                    LATEST
                            06/09/05
☐ CONTINUING ACTION

See the attached Addendum.

RECEIVED EEOC
JUL [illegible] 2005
BIRMINGHAM DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, it any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear of affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct

**SIGNATURE OF COMPLAINANT**
[signature]

Date 7/14/05  [signature] Charging Party *(Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year) 7/14/05

EEOC FORM 5 (Rev. 07/99)

## ADDENDUM TO THE CHARGE OF DISCRIMINATION OF
## BERT MAYER

"My name is Bert Mayer. I was employed by Piknik Products Company. I had been a regular employee since about April 24, 2000. In my job I was considered plant manager. I am a white male.

"During my tenure with Piknik I worked at the 3806 Day Street, Montgomery, Alabama location. My immediate supervisor was Anthony Barber, a black male. On or about June 9, 2005, I was summoned to the office of Chris Day, President in the presence of Ms. Brenda Sellers, human resources manager I was informed that my employment was terminated. I was not give reason or cause for the termination. I was replaced by a black female, Annisia Hanyard. I always considered myself a valuable employee. I was never reprimanded nor written-up for poor performance. Mr. Barber never complained about the quality of my work.

"I believe I am the victim of discrimination on the basis of my race, white."

Bert W. Mayer

SWORN TO and SUBSCRIBED before me this __14__ day of July, 2005.

NOTARY PUBLIC State at Large

My Commission Expires: 9/19/07

RECEIVED
EEOC

BIRMINGHAM DISTRICT OFFICE

*Enclosure with EEOC*
*Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
(205) 731-0082
TTY (205) 731-0175
FAX (205) 731-2101

The above referenced charge is about to begin the long investigative and legal adjudication process. At this point, the Equal Employment Opportunity Commission invites both parties to pause and seriously consider the possibility of resolving the disagreement through Alternative Dispute Resolution (ADR).

Mediation focuses on a resolution of the underlying dispute by addressing the interests of both parties. It is not a form for reaching a determination on whether discrimination occurred. Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred.

There is no fee for mediation. If you are interested in resolving this complaint through mediation you do not need to provide a position statement or requested documentation at this time. If a resolution is reached, an agreement will be signed and the case will be closed. The Charging Party will not be issued a Notice of Right to Sue.

If a charge is not resolved during the mediation process, you will then respond to the charge and it will be processed just like any other charge. Since the entire mediation process is strictly confidential, information revealed during the mediation session cannot be disclosed to anyone including other EEOC personnel. Therefore, it cannot be used during any subsequent investigation.

Please return the signed form within ten (10) days of your receipt of this notice to begin the mediation process.

## CONSENT TO MEDIATION

The employer is in receipt of Charge No. 130-2005-0552-2 filed by Bert Mayer against Knit. The employer is interested in resolving this charge through Equal Employment Opportunity Commission's (EEOC) Alternate Dispute Resolution (mediation) process.

We understand that if the charge is selected for mediation, the charge will be mediated by the EEOC ADR Administrator who is a certified mediator or another neutral mediator who is not employed by the Commission.

We understand that the mediation process is voluntary and non-binding. We understand that either the Charging Party or Respondent may opt out of mediation at any time without adversely affecting the way the EEOC will process the charge. If the charge is not resolved through mediation, it will be processed through EEOC's charge processing procedure. Should the charge be resolved through mediation, the EEOC will terminate its processing of the charge. The approximate time for the ADR process is sixty (60) days.

We understand that the mediation process is confidential. The employer will not disclose any information discussed within the mediation process or the outcome of the mediation process. The employer does authorize the mediator to disclose to the EEOC's Birmingham District Office the final results of the mediation process and any benefits received by the complainant. This information is reported for ADR program evaluation purposes only.

If the charge is selected for mediation, the employer agrees to cooperate with the EEOC and the mediator toward resolving the charge.

_____      _____
Signature for the Respondent                    Date