## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY A. MacCARTNEY, | ) | |
| BERT MAYER, | ) | |
| SHANNON A. McGLON, | ) | |
| and | ) | |
| ROBERT A. WINTER, | ) | |
|     Plaintiffs, | ) | |
| | ) | Civil Action No.: 2:05cv1207 |
| v. | ) | |
| | ) | **Complaint and Jury Demand** |
| ONYX CAPITAL VENTURES, L.L.C., | ) | |
| PIKNIK ACQUISITION CORP, L.L.C., | ) | |
| HENRY HICKS, JEFFERY LARRY, | ) | |
| CHRISTOPHER DAY, and, | ) | |
| ANTHONY BARBER, | ) | |
|     Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COME NOW the Plaintiffs against the above-captioned defendant and would show unto the Court as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs file this First Amended Complaint and invoke the jurisdiction of this Court under and by virtue of the First Amendment to the Constitution of the United States, 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages.  Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, and by federal law.

2.      The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

**PARTIES**

3.    Plaintiff Jerry A. MacCartney (hereinafter, "MacCartney"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, White, and a citizen of the United States and the State of Alabama, residing in Elmore County, Alabama.

4.    Plaintiff Bert Mayer (hereinafter, "Mayer"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, White, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5.    Plaintiff Shannon McGlon (hereinafter, "McGlon"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, White, and a citizen of the United States and the State of Alabama, residing in Elmore County, Alabama.

6.    Plaintiff Robert A. Winter (hereinafter, "Winter"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, White, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

7.    Defendant Onyx Capital Ventures, L.L.C. (hereinafter, "Onyx"), a better denomination of whom is presently unknown but will be added by amendment when ascertained, is a business headquartered in the state of Illinois doing business in Alabama, unregistered with the Alabama Secretary of State.

8.    Piknik Acquisition Corp., L.L.C. (hereinafter, "P.A.C.") is a business, holding company, originating from the State of Delaware doing business in Alabama.

9.    Henry Hicks (hereinafter, "Hicks") is an individual.  It is believed Hicks is a resident of Illinois.  At all times relevant, Hicks worked and resided in Alabama.

10.    Jeffery Larry (hereinafter, "Larry") is an individual.  It is believed Larry is a resident of Illinois.  At all times relevant, Larry worked and resided in Alabama.

11.    Christopher Day (hereinafter, "Day") is an individual.  It is believed Day is a resident of Illinois.  At all times relevant, Day worked and resided in Alabama.

12.    Anthony Barber (hereinafter, "Barber") is an individual.  It is believed Barber is a resident of Texas.  At all times relevant, Barber worked and resided in Alabama.

## NATURE OF PROCEEDINGS

13.    This is a proceeding for a declaratory judgment as to Plaintiffs' rights and for a permanent injunction, restraining the defendants from maintaining a policy, practice, custom or usage of discrimination against Plaintiffs and all others similarly situated because of race and restraining the further subjection of Plaintiffs to disparate treatment with respect to the making and enforcement of contracts.  The First Amended Complaint also seeks restitution to the Plaintiffs of all rights, privileges, and benefits that would have been received by Plaintiffs but for the defendants' unlawful and discriminatory practices.  Further, Plaintiffs seek compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein.  Further, Plaintiff seek such equitable relief, costs, and fees, as to which they may be entitled.

14.    Plaintiffs aver that the defendants, by and through their agents, acted to deny Plaintiffs their rights under the laws of the United States of America and the State of Alabama and that such action was designed to discriminate against Plaintiffs who are members of a protected class, White.

15.    Plaintiffs aver that the defendants' actions were designed to prevent them and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts and access to public accommodations.

16.    As a proximate result of the illegal actions alleged above, Plaintiffs have been damaged in

that they have been deprived of the right to gainful employment with the employer of their

choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and

mental anguish from then until now.

17.    Plaintiffs aver that the defendants acted to create a disparate environment with the specific

intent or the result to deprive Plaintiffs of their rights as alleged above and to cause Plaintiffs

to be damaged and to discriminate against them because of their race, White, and that the

defendants are aware of such disparate environment and has failed to either prevent or correct

it.

## FACTS

18.    Plaintiffs expressly adopt as if fully set forth herein the allegations in each of the foregoing

paragraphs.

19.    On or about August 2003, Defendant P.A.C. purchased a majority share of PikNik Products

Company, Inc., an Alabama corporation, specializing in the manufacturer of condiments and

"hot-fill" non-carbonated beverages.  P.A.C. is a holding company entirely owned and

controlled by Defendant Onyx.

20.    Defendants Larry, Day, Barber and Hicks visited or lived in the Montgomery, Alabama area

during times relevant to the claims herein.

21.    Defendant Onyx is a minority-owned private equity firm based Chicago, Illinois that

specializes in the acquisition or recapitalization of businesses.  Onyx specializes in attracting

minority incentive programs from Fortune 1000 companies.  Onyx uses its minority-owned

status to attract these companies.

22.    On or about June and July, 2005, Plaintiffs were employees of PikNik Products Company,

Inc.

23.    Plaintiffs were fired from their respective positions with PikNik Products Company, Inc. at the direction of Hicks, Larry, Day, Barber and/or other agents and/or employees of Onyx and/or P.A.C.  Specifically, Day fired Plaintiffs Mayer, MacCartney and McGlon.  Plaintiff Winter was fired by Hicks.  All Plaintiffs were fired with the knowledge, consent and collusion of members, agents and/or employees of Onyx and/or P.A.C.

24.    Plaintiffs were fired solely because of their race, White.

25.    Plaintiffs' positions of employment were immediately filled by Blacks.

## CAUSES OF ACTION

26.    As to the cause of action set forth below, Plaintiffs expressly adopt as if fully set forth herein the allegations of each and all of the preceding paragraphs.

## COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

27.    Plaintiffs claim that the acts complained of herein impaired their rights under 42 U.S.C. § 1981, specifically that the acts of discrimination affected the making of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships enjoyed with PikNik Products Company, Inc.

28.    Plaintiffs aver that those benefits, privileges, terms and conditions of which Plaintiffs were either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by Black persons.

29.    Plaintiffs aver that the discrimination complained of is causally connected to their race, White.

30.    As a result of the violations of Plaintiffs' rights under 42 U.S.C. § 1981, Plaintiffs have been damaged and claim entitlement to any and all relief as may be afforded them to redress said wrongs.

31.    Plaintiffs maintain that the Hicks, Larry, Day, Barber acting individually and/or as employees and/or agents of Onyx and/or P.A.C. are directly liable under 42 U.S.C. § 1981 for the deliberate and intentional acts.

32.    Plaintiffs maintain alternately that Defendants are liable under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, Plaintiffs pray that the Court will:

a)    Enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of 42 U.S.C. § 1981;

b)    Under 42 U.S.C. §1981, permanently enjoin the individual defendants, corporate defendants, related agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, particularly further discrimination and retaliation as against Plaintiffs, and from continuing any and all other practices shown to be in violation of applicable law;

c)    Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d)    Grant Compensatory damages to Plaintiffs of Three Hundred Thousand Dollars, each;

e)    Grant Punitive damages to Plaintiffs in an amount to be determined by the trier of facts;

f)    Grant Plaintiffs the costs of this action including reasonable attorney's fees.

g)    Grant such other, further and different relief as this Court may deem just and proper

to include all other equitable and legal relief as to which they may be entitled.

RESPECTFULLY SUBMITTED on this the __1st___ day of April, 2006.

/s/ Andy Nelms
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the following by the placing a copy of the same in the United States Mail, postage prepaid, on this the 1st day of May, 2006:

Bill McGowin
George Parker
Bob Poundstone
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

/s/ Andy Nelms
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K

OF COUNSEL:

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

### *PLAINTIFFS DEMAND TRIAL BY STRUCK JURY*

**The Defendants may be served at the following address:**

Onyx Capital Ventures, LLC
Rozlyn Vanessa Wormbly
525 West Monroe, Suite 1600
Chicago, IL 60661

Jeffery Larry
525 West Monroe, Suite 1600
Chicago, IL 60661

Christopher Day

3142 Sawgrass Drive
Aurora, IL 60504

Henry Hicks
525 West Monroe, Suite 1600
Chicago, IL 60661

Anthony Barber
3217 Robert Drive
Richardson, TX 75082-3778

PikNik Acquisition Corp., LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801