UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY A. MacCARTNEY, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 2:05-cv-1207-MHT |
| | ) |
| ONYX CAPITAL VENTURES, L.L.C., | ) |
| *et al.*, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT ONYX CAPITAL VENTURES, L.L.C.'S OBJECTIONS
TO ALLOWING PLAINTIFFS TO AMEND COMPLAINT**

    Defendant, Onyx Capital Ventures, L.L.C. ("Onyx"), objects to the Court's order of May 5, 2006 allowing Plaintiffs to amend their complaint. Plaintiffs' proposed amendment offers nothing to dispute any of the facts set forth in Onyx's pending motion to dismiss, which conclusively demonstrate that the Court lacks personal jurisdiction over Onyx and that venue is not proper in this district as to Plaintiffs' claims against Onyx. Because Plaintiffs failed to meet this Court's May 1, 2006 deadline for responding to Onyx's motion, and the undisputed facts submitted by Onyx show that the Court has no personal jurisdiction over Onyx and that venue is not proper, the Court should reverse its decision to allow Plaintiffs to amend their complaint as to Onyx, and dismiss Onyx from this case.

**Background**

    On March 31, 2006,[1] pursuant to Rules 12(b)(2), (3) and (5) of the Federal Rules of Civil Procedure, Onyx moved to dismiss all claims against it on the grounds that the Court lacks personal jurisdiction over Onyx, that venue is not proper in this district with respect to Plaintiffs'

---

[1] All dates herein are 2006.

claims against Onyx, and that Onyx was not properly served. Alternatively, pursuant to 28 U.S.C. § 1404(a), Onyx moved to have this action transferred to the Northern District of Illinois for the convenience of the parties and the interest of justice. Onyx supported its motion with a memorandum and two sworn declarations, showing that Onyx lacks sufficient minimum contacts with Alabama to subject it to personal jurisdiction in this Court, that it cannot be subject to personal jurisdiction here merely because its wholly separate and independent corporate subsidiary which employed Plaintiffs (Piknik Products Company) was in Alabama, and that Onyx's lack of involvement in the employment decisions challenged by Plaintiffs make venue here improper. Among other things, that undisputed evidence shows that Onyx did not participate in those employment decisions through any of its agents or employees.

On April 3, the Court set Onyx's motion for submission on April 14, with all briefs due by that date. On April 7, Plaintiffs moved for additional time to respond, saying they needed "documents and affidavits from non-parties" to rebut the facts presented by Onyx. On April 10, the Court granted Plaintiff until May 1 to respond to Onyx's motion.

That deadline came and went without Plaintiffs filing any response. Indeed, Plaintiffs have never filed *anything* opposing Onyx's motion, let alone any evidence that rebuts the facts set forth by Onyx demonstrating the lack of personal jurisdiction and the impropriety of venue.

On May 2, Plaintiffs filed a First Amended Complaint.[2] The next day, the Court struck that pleading because Plaintiffs had neither sought nor received leave to file it. Fed. R. Civ. P.

---

[2] Unable to pursue their employment discrimination claims against their former employer due to its ongoing bankruptcy proceedings, Plaintiffs have instead targeted Onyx, a Chicago, Illinois based company with no operations in Alabama that neither employed nor terminated Plaintiffs from their former positions at Piknik Products Company ("Piknik"). It is clear, Plaintiffs have elected to sue Onyx, a non-employer of Plaintiffs, for employment discrimination allegedly committed by their former employer, Piknik, in order to avoid the ramifications of the true party in interest's bankruptcy.

2

15(a).  Plaintiffs then belatedly filed a motion for leave to amend.  On May 5, the Court granted that motion, but gave Onyx until May 12 to file any objections to allowing Plaintiffs to amend.

## Argument

Onyx's motion to dismiss was founded upon evidence set forth in sworn declarations submitted with its supporting memorandum.  Although Plaintiffs sought and received additional time to respond to Onyx's motion, purportedly to give them time to gather evidence to oppose it, they failed to meet the Court's May 1 deadline to respond.  Indeed, Plaintiffs have never presented any sworn testimony or other competent evidence to rebut any of the facts established by Onyx's submissions – facts which plainly show, as Onyx described in its memorandum, that Plaintiffs' claims against it should be dismissed for lack of personal jurisdiction and improper venue.

To defeat Onyx's motion, Plaintiffs had the burden to present evidence rather than amended allegations.  *See Abramson v. The Walt Disney Co.*, 132 Fed. Appx. 273, 275-277, 2005 WL 1182675 at *2-*3 (11th Cir. May 19, 2005) (affirming dismissal for lack of personal jurisdiction where plaintiffs failed to meet their burden of producing competent evidence to contradict defendant's affidavit showing lack of jurisdiction).  As this Court has stated:

> The court must accept the facts alleged in the plaintiffs' complaint as true for the purposes of determining whether personal jurisdiction over a defendant has been established, to the extent they are uncontroverted by the defendant's affidavit. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  However, if a defendant provides evidence refuting personal jurisdiction in the form of affidavits, as here, the plaintiff is typically required to produce some *evidence* (rather than additional allegations) in response. *See, e.g., Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984) ("Once the [personal jurisdiction] defense has been raised, the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence….  [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's rule 12(b)(2) motion to dismiss for lack of personal jurisdiction").

*C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp. 2d 1283, 1288 n.14 (M.D. Ala. 2005) (emphasis in original).

Plaintiffs' allegations in both the original and proposed amended complaints are squarely rebutted by Onyx's undisputed evidence that the Court lacks personal jurisdiction over Onyx and that venue is improper as to Plaintiffs' claims against it.  In their original complaint, Plaintiffs alleged that Onyx does business in Alabama (Complaint, ¶ 7) and that they were fired "at the direction of agents and employees" of Onyx (*Id.*, ¶¶ 9, 17).  In their proposed amended complaint, Plaintiffs raise virtually identical allegations – that Onyx does business in Alabama (First Am. Complaint, ¶ 7), and that they were fired by "agents and/or employees of Onyx" (*Id.*, ¶¶ 14, 23).  The undisputed evidence submitted by Onyx convincingly shows those allegations are untrue.  Among other things, that evidence demonstrates that:

- Onyx was never licensed to do business in Alabama and never engaged in any business in Alabama (Declaration of Jeffery Larry ("Larry Decl.") ¶ 7, attached as Ex. A to Defendant's Memorandum in Support of its Motion).  Onyx has never had any real or personal property, offices, facilities, telephone listings, or bank accounts in Alabama (*Id.*).

- Plaintiffs were employed by Piknik Products Company ("Piknik") (Declaration of Christopher Day ("Day Decl.") ¶ 6, attached as Ex. B to Defendant's Memorandum).

- Piknik neither acted nor was authorized to act as an agent of Onyx or on Onyx's behalf, and the two corporations operated independently (Larry Decl. ¶ 7; Day Decl. ¶ 5).  Piknik maintained its own corporate and personnel records and adhered to all corporate formalities (Day Decl. ¶ 5).  Piknik had its own offices, employees and clients, and maintained its own bank accounts from which it paid its employees and debt (*Id.*).

- Piknik's President, Christopher Day, made the decisions now being challenged by Plaintiffs, acting solely in the scope of his employment as Piknik's President (Day Decl. ¶¶ 4-6).  While employed by Piknik, Day acted solely on behalf of and in the interest of Piknik, and received no compensation from Onyx (*Id.* ¶ 4).  When Day made the relevant employment decisions, he was not acting – and did not have the right or capacity to act – on behalf of Onyx (*Id.* ¶ 6).

- The decisions to reduce salaries and terminate employees were made solely by Piknik and its agents and employees (Larry Decl. ¶¶ 6-8; Day Decl. ¶¶ 4-6).

- Onyx did not review, approve, or participate in any of Piknik's personnel decisions (Larry Decl. ¶¶ 6-8; Day Decl. ¶¶ 4-6). Although Jeffrey Larry served as an officer of both Onyx and Piknik, he never made or participated in any of Piknik's personnel decisions (Larry Decl. ¶ 8).

Because the allegations in the proposed amended complaint cannot and do not rebut this undisputed evidence, which demonstrates that the Court lacks personal jurisdiction over Onyx and that venue is improper as to Plaintiffs' claims against Onyx, it is futile to permit the amendment as to Onyx. Accordingly, the Court should reverse its decision allowing Plaintiffs to amend their complaint as to Onyx, and grant Onyx's unopposed motion to dismiss.

Dated: May 12, 2006

Respectfully submitted,

ONYX CAPITAL VENTURES, L.L.C.

By:   s/George R. Parker
William C. McGowin (MCG040)
George R. Parker (PAR086)
Robert E. Poundstone IV (POU006)
**Attorneys for Defendant**
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Ave., Suite 780
Montgomery, Alabama 36104
Telephone:  334.956.7700
Facsimile:  334.956.7701
Email: wmcgowin@bradleyarant.com
gparker@bradleyarant.com
bpoundstone@bradleyarant.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 12th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Keith Anderson Nelms, Esq.
>Jay Lewis, Esq.
>*Law Offices of Jay Lewis, LLC*
>P. O. Box 5059
>Montgomery, AL 36103-5059
>andynelms@jaylewislaw.com
>j-lewis@jaylewislaw.com

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non CM/ECF participants:

| | |
|---|---|
| Jeffery Larry<br>525 West Monroe, Suite 1600<br>Chicago, IL 60661 | Christopher Day<br>3142 Sawgrass Drive<br>Aurora, IL 60504 |
| Henry Hicks<br>525 West Monroe, Suite 1600<br>Chicago, IL 60661 | Anthony Barber<br>3217 Robert Drive<br>Richardson, TX 75082-3778 |

PikNik Acquisition Corp., LLC
 c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

    Respectfully submitted,

    s/George R. Parker
    George R. Parker
    Bradley Arant Rose & White LLP
    Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Phone:  (334) 956-7700
    Fax:  (334) 956-7701
    E-mail:  gparker@bradleyarant.com