**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JERRY A. MacCARTNEY, | ) | |
| BERT MAYER, | ) | |
| SHANNON A. McGLON, and | ) | |
| ROBERT A. WINTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO: 2:05cv1207 |
| | ) | |
| ONYX CAPITAL VENTURES, L.L.C., | ) | |
| PIKNIK ACQUISITION CORP., L.L.C., | ) | |
| HENRY HICKS, JEFFREY LARRY, | ) | |
| CHRISTOPHER DAY, and | ) | |
| ANTHONY BARBER, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

**COMES NOW** Henry Hicks ("Defendant") and answers the Plaintiffs' First Amended Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant denies paragraph one of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

2. Defendant denies paragraph two of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

### PARTIES

3. Defendant lacks sufficient information to admit or deny paragraph three of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

1

4. Defendant lacks sufficient information to admit or deny paragraph four of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

5. Defendant lacks sufficient information to admit or deny paragraph five of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

6. Defendant lacks sufficient information to admit or deny paragraph six of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

7. Defendant denies paragraph seven of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

8. Defendant denies paragraph eight of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

9. Defendant denies paragraph nine of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

10. Defendant admits that Jeffrey Larry is a resident of Illinois. Defendant denies any and all remaining allegations in paragraph 10 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

11. Defendant lacks sufficient information to admit or deny paragraph 11 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

12. Defendant lacks sufficient information to admit or deny paragraph 12 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

## NATURE OF PROCEEDINGS

13. Defendant denies that the Plaintiffs are entitled to any of the relief set forth in paragraph 13 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

14. Defendant denies paragraph 14 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

15. Defendant denies paragraph 15 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

16. Defendant denies paragraph 16 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

17. Defendant denies paragraph 17 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

## FACTS

18. Defendant reasserts and re-alleges his responses to paragraphs one through 17 of the Plaintiffs' First Amended Complaint as though fully set forth herein.

19. Defendant admits that on or about August 2003, Defendant P.A.C purchased a majority share of Piknik Products Company, Inc. Defendant admits that P.A.C. is wholly owned by Onyx Capital Ventures, LLC. Defendant denies any and all remaining allegations in paragraph 19 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

20. Defendant admits that he visited the Montgomery, Alabama area. Defendant denies that he was ever a resident of the Montgomery, Alabama area and demands strict proof thereof. Defendant denies any and all remaining allegations set forth in paragraph 20 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

21. Defendant admits that Onyx is a minority-owned LLC based in Chicago, Illinois, that specializes in the acquisition and recapitalization of business. Defendant denies any and all remaining allegations in paragraph 21 of Plaintiffs' First Amended Complaint and demands strict proof thereof.

22. Defendant lacks sufficient information to admit or deny paragraph 22 because he does not have any personnel records for Piknik Products Company, Inc., within his possession or control. Accordingly, Defendant demands strict proof of paragraph 22 of the Plaintiffs' First Amended Complaint.

23. Defendant denies paragraph 23 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

24. Defendant denies paragraph 24 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

25. Defendant denies paragraph 25 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

## CAUSES OF ACTION

26. Defendant reasserts and re-alleges its responses to paragraphs one through 25 of the Plaintiffs' First Amended Complaint as though fully set forth herein.

27. Defendant denies paragraph 27 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

28. Defendant denies paragraph 28 of the Plaintiffs' First Amended Complaint and demand strict proof thereof.

29. Defendant denies paragraph 29 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

30. Defendant denies paragraph 30 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

31. Defendant denies paragraph 31 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

32.     Defendant denies paragraph 32 of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

a)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (a) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

b)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (b) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

c)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (c) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

d)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (d) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

e)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (e) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

f)      Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (f) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

g)        Defendant denies that the Plaintiffs are entitled to the relief sought in paragraph (g) of the Prayer for Relief of the Plaintiffs' First Amended Complaint and demands strict proof thereof.

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims occurred beyond the applicable statute of limitation period, those claims are barred.

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' race was not considered in any decision relating to their employment.

THIRD SEPARATE AND AFFIRMATIVE DEFENSE

All employment decisions relating to Plaintiffs, including but not limited to the termination of Plaintiffs' employment, were made for legitimate nondiscriminatory reasons.

FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted to the extent Plaintiffs did not have a contract within the meaning of 42 U.S.C. § 1981.

FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent the fact finder concludes that Plaintiffs' race influenced any decision impacting Plaintiffs, the same decision would have been made for legitimate nondiscriminatory reasons.

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct that would have resulted in termination had Piknik known of such conduct during the time Plaintiffs were employed with Piknik.  See

<u>McKennon v. Nashville Banner Publ'g Co.</u>, 513 U.S. 352 (1995); <u>Wallace v. Dunn Constr. Co.</u>, 62 F.3d 374 (11th Cir. 1995).

<u>SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for damages are limited to the extent they have failed or refused to mitigate their damages.

<u>EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims for equitable relief may not be tried before a jury.

<u>NINTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims fail to the extent Defendant did not have the capacity to hire and fire or recommend such employment decisions.

<u>TENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

The Court lacks personal jurisdiction over the Defendant and, accordingly, Defendant moves for a dismissal of all claims the Plaintiffs filed against him.

<u>ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Venue is not proper.

<u>TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

<u>THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Defendant denies the material allegations of the Complaint, except to the extent expressly admitted above.

<u>FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Defendant is not liable to the Plaintiffs.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver, estoppel and laches.

### SIXTHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by unclean hands.

### NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the complaint.

### TWENTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of punitive damages, as they have not pled and cannot prove facts sufficient to support such an award under applicable law.  Furthermore, Defendant pleads all defenses made available to him by the Supreme Court's decision in Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999).  In any event, such an award is subject to all statutory and constitutional principles and limitations.

### TWENTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendant denies the material allegations of the complaint and pleads the general issue.

### TWENTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Subjecting Defendant to punitive damages in this case would violate the United States Constitution as well as the Alabama Constitution.

### TWENTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant adopts all defenses made available under the decision rendered by the United States Supreme Court in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 809 (1996).

<u>TWENTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Defendant avers that it did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

<u>TWENTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

Defendant denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury or allows the Plaintiffs to recover punitive damages.

<u>TWENTY SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims, if any, for the recovery of punitive damages are in contravention of Defendants' rights under each of the following constitutional provisions:

(a) an impermissible burden on interstate commerce arising out of Article I, Section 8 of the United States Constitution;

(b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c) the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

(d) the constitutional prohibition against vague and overbroad laws;

(e) the prohibition against *ex post facto* law in Article I, Section 22 of the Alabama Constitution;

(f) the Contracts Clause of Article I, Section 22 of the Constitution of Alabama;

(g) the Due Process Clause of Article I, Section 6 and/or 13 of the Constitution of Alabama.

TWENTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

The circumstances surrounding the Plaintiffs' employment and the end of the Plaintiffs' employment with Piknik Products Company, Inc. are completely unrelated and, accordingly, the Plaintiffs' claims are due to be severed.

TWENTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims fall under an arbitration agreement, any and all such claims are subject to arbitration and this action is due to be stayed pending arbitration.

THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses which may arise as discovery progresses or otherwise in the course of this litigation.

  /s/Bobby Poundstone_____
George R. Parker (PAR086)
Robert E. Poundstone IV (POU006)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: bpoundstone@bradleyarant.com
E-mail: gparker@bradleyarant.com

Jennifer McGahey
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205)521-8646
Facsimile: (205)488-6646
E-mail: jmcgahey@bradleyarant.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  K. Anderson Nelms
  andynelms@jaylewislaw.com

      I have also placed a service copy in the United States Mail.

      /s/Bobby Poundstone_____
      Robert E. Poundstone IV (POU006) BRADLEY ARANT ROSE & WHITE LLP
      The Alabama Center for Commerce
      401 Adams Avenue, Suite 780
      Montgomery, AL 36104
      Telephone: (334) 956-7700
      Facsimile: (334) 956-7701
      E-mail: bpoundstone@bradleyarant.com

      One of the Attorneys for Defendant