IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY A.MACCARTNEY, *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | CASE NO. 2:05-CV-1207-MHT-TFM |
| | ) | |
| ONYX CAPITAL VENTURES, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION AND PROTECTIVE ORDER**

Upon consideration of the *Defendants' Unopposed Motion for Qualified HIPAA Protective Order* (Doc. 54, filed April 25, 2007), it is

**ORDERED** that *Defendants' Unopposed Motion for Qualified HIPAA Protective Order* is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information

relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.  This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action.  See 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

DONE this 26th day of April, 2007.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE