## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY A. MacCARTNEY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No.: 2:05cv1207-MHT |
| v. | ) ) | |
| PIKNIK ACQUISITION CORP., L.L.C., et al., | ) ) | |
| Defendants. | ) | |

## MOTION TO REINSTATE ONYX CAPITAL VENTURES, L.L.C.
## AS A PARTY DEFENDANT

COME NOW, the Plaintiffs, in the above styled matter, and move this Court to reinstate

Onyx Capital Ventures, L.L.C. (hereinafter referred to as "Onyx") as a party Defendant in this cause

and for grounds, shows the following:

1.    Onyx was originally named as a Defendant in the Complaint and Amended Complaint filed

in this case.  Onyx filed a Motion to Dismiss for lack of personal jurisdiction and improper

venue in this matter.  Attached to the Motion to Dismiss by Onyx were declarations and

statements asserting Onyx had not, and was not, participating in the day-to-day operations

of Piknik Products Company Inc., (hereinafter referred to as "Piknik") such to be subject to

the jurisdiction of the Alabama courts. Onyx asserted, specifically through the declaration

of Jeffrey Larry, an equity shareholder of Onyx,  it was only a shareholder in a Delaware

holding company identified as Piknik Acquisitions Corp., L.L.C. (hereinafter referred to as

"PAC").  Onyx filed its Motion to Dismiss in March 2006.  In May 2006, the Plaintiffs

moved the Court to dismiss Onyx without prejudice in this case based upon Onyx's initial

representations.  Plaintiffs specifically stated in the dismissal pleading there had not been an

opportunity to conduct discovery sufficient to challenge the original assertions made by Onyx in its Motion to Dismiss.

2.   Since the dismissal without prejudice of Onyx by this Court, the Plaintiffs have conducted discovery in this case of the remaining Defendants, some of whom are Onyx shareholders and/or employees.  Plaintiffs have also obtained substantial discovery from third parties. These documents contain representations made by these same shareholders and/or employees of Onyx to other entities asserting an operational control and management of Piknik in Alabama by Onyx.  This directly conflicts with the assertions made by these parties in their initial pleadings seeking Onyx's dismissal.

3.   Onyx, through the declarations filed in conjunction with the Motion to Dismiss, asserted that it did not have sufficient minimum contacts to subject itself to jurisdiction of an Alabama court.  The discovery and documents obtained by the Plaintiffs in the prosecution of this case clearly demonstrates that there are significant and substantial contacts by Onyx and its employees within Alabama and with businesses located in Alabama.  Plaintiffs can now provide substantial evidence to support the assertions that Onyx was, in fact, conducting business individually and through PAC in Alabama.

4.   A portion of evidence obtained in support of this position by Plaintiffs is attached to the memorandum brief submitted with this motion and is more specifically detailed and explained therein. The evidence includes financial documents, emails, PowerPoint presentations, certificates of business dealings, Minority Business Enterprise (MBE) application materials and other relevant documents.

5.   Onyx was represented in the Motion to Dismiss by the same counsel that has continued to represent the remaining Defendants in this cause, some of whom were Onyx shareholders

and/or employees. Plaintiffs suggest that there is no undue prejudice upon Onyx for them to be reinstated as a party Defendant in this cause based upon the fact the principals who have participated in the defense of this case and the discovery of this case are, in reality, principals of Onyx, and Onyx has been represented by the same counsel from the inception of this matter.

6.    In further support of, and in addition to the exhibits and attachments to the memorandum brief to this motion, Plaintiffs assert that the depositions of Christopher James Day, Jeffrey Larry, Henry Hicks and the responses to subpoenas served upon third parties having knowledge of the relationship between Onyx and Piknik, clearly support and demonstrate that Onyx had sufficient minimum contacts to subject itself to the jurisdiction of Alabama courts. Moreover, Plaintiffs suggest that Onyx has submitted to the jurisdiction of the United States District Court for the Middle District of Alabama by its submission and participation in the bankruptcy case and ancillary adversarial proceedings ongoing in case number 05-33035-DHW, with the adversarial proceeding case number being identified as 06-03045-DHW and styled, Piknik Products Company, Inc. v. Onyx Capital Ventures, L.L.C., a Delaware Limited Liability Company, Anthony Barber, an individual, Chris Day, an individual, Henry Hicks, an individual. The participation by Onyx in the proceedings in the United States Bankruptcy Court for the Middle District of Alabama, Northern Division, demonstrates Onyx's acquiescence and acknowledgment of its contacts and intentions to conduct business within the State of Alabama. Counsel attaches a copy of a pleading within that case as evidence thereof. (See Exhibit "11" attached to the memorandum brief).

7.    The Plaintiffs further assert that Onyx is a necessary party to these proceedings. The information obtained through discovery demonstrates that the Plaintiffs were victims of a

plan, scheme and design that is the core of the "Onyx Model". Plaintiffs believe they suffered adverse employment actions as a direct result of the implementation of this scheme to convert Piknik from a white owned business to one owned, and most importantly, operated by minority persons. Plaintiffs assert that Onyx could not meet its primary goal of converting Piknik into a Minority Business Enterprise without significant changes being made in key personnel to minority persons, which directly impacted upon the Plaintiffs who are non-minority persons. The participation of Onyx in this litigation is fundamental now that the evidence demonstrates the direct relationship between this plan and the termination of the Plaintiffs' employment at Piknik.

8.    In further support of this Motion to Reinstate Onyx as a Party Defendant to this case, counsel requests that the assertions and arguments contained within the memorandum brief and all the Exhibits thereto be incorporated as if more fully set forth within the body of this motion and made a part thereto.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs prays that this Court will grant this motion reinstating Onyx Venture Capital, LLC as a party Defendant to this cause. Counsel prays for any such other and further relief that this Court might deem appropriate.

/s/ K. Anderson Nelms
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K

OF COUNSEL:
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733
Fax: (334) 832-4390

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a copy of the foregoing via the CM/ECF system which forward a copy via email notification to the following:

Robert E. Poundstone, IV
George R. Parker
William C. McGowin
Jennifer J. McGahey

on this the 29th day of October, 2007.

/s/ K. Anderson Nelms
K. ANDERSON NELMS (NEL022)
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K