

# MINORITY BUSINESS ENTERPRISE
# CERTIFICATION APPLICATION

EXHIBIT
4

PENGAD 800-631-6989



# MINORITY BUSINESS ENTERPRISE

# CERTIFICATION APPLICATION

*Section VII Attachments*

*Line # 10 h*

# *See # 9*



# MINORITY BUSINESS ENTERPRISE
# CERTIFICATION APPLICATION

*Section VII Attachments*

*Line # 10 i*

# *Management*

# *Agreement*

8/7/2003

## MANAGEMENT AGREEMENT

This **MANAGEMENT AGREEMENT** (this "**Agreement**") is entered into as of July 25, 2003, by and between **PIKNIK ACQUISITION CORP., LLC**, a Delaware limited liability company ("**PAC**"), and **PIKNIK PRODUCTS COMPANY, INC.**, an Alabama corporation (the "**Company**").

### -RECITALS -

**WHEREAS,** the Company is engaged in the business of the contract production and private-label manufacturing of foods and beverages (the "**Business**"); and

**WHEREAS,** pursuant to the terms and conditions of that certain Stock Purchase Agreement (the "**Purchase Agreement**"), dated as of  July 25 2003, by and among the Company, PAC and Herman R. Loeb , an individual resident of the State of Alabama ("**Loeb**"), PAC has agreed to purchase from the Company 510 shares of Common Stock ("**Stock Acquisition**"); and

**WHEREAS,** in connection with the Stock Acquisition, the Company desires to obtain the services of PAC to consult with and perform services as an independent contractor for the Company, and PAC desires to consult with and perform services for the Company, upon the terms and conditions set forth in this Agreement; and

**WHEREAS,** the obligation of PAC and the Company to consummate the Stock Acquisition is conditioned on the execution and delivery of this Agreement by the Company.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, the parties hereby agree as follows:

1.    Management Services.   The Company hereby engages PAC to render consulting, advisory and other special services and expertise to the Company, and PAC hereby accepts such engagement, for the Term (as defined in **Section 3** below).  During the Term, PAC shall be available to consult with and render such services to the Company as the board of directors of the Company or officers of the Company from time to time requests, which services shall include, without limitation, providing merger and acquisition advisory services, acting as agent under the Company's debt facilities, operational consulting, reviewing requests for proposals for competitive bidding of services and products for the Company, attending periodic management meetings, providing other services related to business plans and strategy, employee benefits and compensation, insurance, cash management and expenditures, accounting systems and controls, financing and bank relationships, customer and supplier relationships, and review and analysis of capital expenditures. The amount of time devoted by PAC, and means and methods by which PAC performs its duties hereunder, shall be determined solely by PAC.

2.    Compensation.   In consideration of the services provided pursuant to **Section 1**, the Company will pay PAC an aggregate of Two Hundred Fifty Thousand Dollars ($250,000) (the "**Management Fee**") per calendar year during the Term, payable in equal monthly installments

in advance on the first business day of each calendar month hereunder, commencing on August 1, 2003; provided, however, at the end of the first calendar year following the date hereof that the EBITDA of the Company for such calendar year equals or exceeds Six Million Five Hundred Thousand Dollars ($6,500,000), the Management Fee payable pursuant to this **Section 2** shall automatically increase to Five Hundred Thousand Dollars ($500,000) per calendar year. Notwithstanding such increase in the Management Fee in the amount of Two Hundred Fifty Thousand Dollars (the "**Increased Amount**"), PAC and the Company agree that the Increased Amount shall not be paid to PAC but shall accrue until the Senior Debt is paid in full or the Senior Lender has approved payment of such Increased Amount to PAC. PAC shall also be entitled to reimbursement for reasonable out-of-pocket expenses incurred by PAC in connection with rendering the services set forth in **Section 1** upon presentation of proper vouchers and receipts.

3. Term. The term of this Agreement (the "Term") shall commence on the date hereof and continue until the first to occur of the following: (a) all, or substantially all, of the Company's assets or stock are sold to an unaffiliated third party in an arm's length transaction, (b) PAC exercises its rights pursuant to **Section 2** of that certain Put Agreement, dated as of the date hereof, among the Company, Loeb, and PAC; and (c) Loeb exercises his "call right" pursuant to Article IV of the Shareholders Agreement, dated as of the date hereof, among the Company, PAC and Loeb.

4. Indemnification. The Company will reimburse and indemnify PAC for and against any losses, damages, liabilities and expenses (including without limitation reasonable attorneys' fees) imposed on, incurred by or asserted against PAC solely in connection with the rendering of services by PAC (including its employees or affiliates) to the Company as set forth in **Section 1**; provided that the Company shall not be liable under this **Section 4** or otherwise for any portion of such losses, damages, liabilities or expenses resulting directly from PAC's gross negligence, willful misconduct or willful breach of law.

5. Successors and Assigns. No party hereto may assign or delegate any of its rights or obligations hereunder without the prior written consent of the other party hereto, provided, however, that PAC shall have the right to assign all or any part of its rights and obligations under this Agreement to any Affiliate of PAC at any time. Except as otherwise expressly provided herein, all covenants and agreements contained in this Agreement by or on behalf of any of the parties hereto shall bind and inure to the benefit of the respective successors and assigns of the parties hereto whether so expressed or not.

6. Severability. Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of this Agreement.

7. Construction. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regard to conflicts of law principles.

8. <u>Definitions</u>. As used in this Agreement:

"**Credit Agreement**" means that certain Second Amended and Restated Credit Agreement, dated November 5, 2001, between the Company and SouthTrust Bank, N.A., Birmingham, Alabama.

"**EBITDA**" shall mean earnings before taxes, interest income and expense, depreciation and amortization expense, determined in accordance with GAAP; provided, however, that there shall be excluded from the calculation of earnings (to the extent representing a reduction of earnings in accordance with GAAP), the amount of any and all Losses (as defined in the Purchase Agreement) incurred or paid by the Company that have been sustained by a Buyer Indemnified Party (as defined in the Purchase Agreement) under circumstances entitling the Buyer Indemnified Party to indemnification pursuant to Article 8 of the Purchase Agreement.

"**Senior Debt**" means any and all Indebtedness (as defined in the Purchase Agreement), (excluding any trade payables of the Company in the ordinary course of business), now or hereafter owing from, or guaranteed by the Company or any of its subsidiaries pursuant to the Credit Agreement.

"**Senior Lender**" means SouthTrust Bank, N.A., Birmingham, Alabama, and any successor thereto as lender pursuant to the Credit Agreement

9. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument, and a facsimile of a signature shall be deemed to be the same, and equally enforceable, as an original of such signature.

10. <u>Headings</u>. The various headings used in this Agreement as headings for paragraphs, subparagraphs, and otherwise are for convenience only and shall not be used in interpreting the text in which they appear.

11. <u>Further Assurances</u>. Each party promises and agrees to execute and deliver, or cause to be executed and delivered, such additional or further instruments and to perform any acts, which may be reasonably required for the purpose of carrying out the transactions as contemplated hereunder.

12. <u>Entire Agreement; Waivers; Amendments</u>. This Agreement constitutes the entire and complete contract of the parties, and supercedes any and all other oral or written communication, with respect to the subject matter hereof. This Agreement cannot be changed, waived, released or discharged orally or by the conduct of any party. Any amendment, waiver, release or termination of this Agreement must be in writing and must contain the signature of each party hereto.

13. <u>Notices</u>. Any notices, consents or other communications required or permitted to be sent or given hereunder by any of the parties shall in every case be in writing and shall be deemed properly served if (a) delivered personally, (b) delivered by a recognized overnight

courier service, or (c) sent by facsimile transmission to the parties at the addresses as set forth below or at such other addresses as may be furnished in writing. Such notices, demands and other communications shall be sent to the addresses indicated below:

      (a)    <u>If to the Company</u>:

            Piknik Products Company, Inc.
            Post Office Drawer 9388
            Montgomery, Alabama  36108-0388
            Attention: Jeffery Larry
            Facsimile:  (334) 241-8402

                with a copy to (which shall not constitute notice):

            King & Spalding LLP
            191 Peachtree Street
            Atlanta, Georgia  30303-1763
            Attention:   Philip A. Theodore
            Facsimile:   (404) 572-5136

      (b)    <u>If to PAC</u>:

            Piknik Acquisition Corp., LLC
            c/oOnyx Capital Ventures, L.L.C.
            525 W. Monroe St. Ste. 1600
            Chicago, IL  60661
            Facsimile:  (312) 902-1061
            Telephone:  (312) 902-5254
            Attention:  Jeffrey Larry

                with a copy to (which shall not constitute notice):

            Katten Muchin Zavis Rosenman
            525 West Monroe Street, Suite 1600
            Chicago, Illinois 60661-3693
            Attention:      Gerald M. Penner, Esq.
                       Leslie D. Dent, Esq.
            Fax No.:        (312) 902-1061

        Date of service of such notice shall be (w) the date such notice is personally delivered, (x) three business days after the date of mailing if sent by certified or registered mail, (y) one business day after date of delivery to the overnight courier if sent by overnight courier or (z) the next succeeding business day after transmission by facsimile.

[Signature page follows]

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date first above written.

PAC:

**PIKNIK ACQUISITION CORP., LLC**

By: _____

Name: _____

Its: _____

**THE COMPANY:**

**PIKNIK PRODUCTS COMPANY, INC.**

By: _____

Name: _____

Its: _____

**IN WITNESS WHEREOF,** the undersigned have executed this Agreement as of the date first above written.

PAC:

**PIKNIK ACQUISITION CORP., LLC**

By: _____
Name: _____
Its: _____

THE COMPANY:

**PIKNIK PRODUCTS COMPANY, INC.**

By: _____
Name: MICHAEL O'CONNELL
Its: CEO



## MINORITY BUSINESS ENTERPRISE

## CERTIFICATION APPLICATION

*Section VIII Attachments*

*Line # 13*

# Bank Resolutions / Bank Signature Cards

08/20/2003 14:58 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    Ø002

    08/13/2003  12:09   3342419402          PIKNIK PRODUCTS                        PAGE  05/05

**SouthTrust Bank** ≡

## BUSINESS SIGNATURE CARD

Replacement Card  #62-938-617

Product Code and Name

145    Piknik Products
       Employees Dental Plan

☐ 3 Signatures req'd    ☒ Facsimile Signature Accepted
DEPOSITOR ☐ DOES··       ☐ DOES NOT  AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any ____ of the following:

Checks will be countersigned by any ____ of the following:

Account Title
and Address

Piknik Products
Employee Dental Plan
Wausau Insurance Co. "ADMN
3806 Day Street
Montgomery, AL 36108

| | |
|---|---|
| 63 0422832 | 8-13-93 |
| TAX I.D. NUMBER | DATE OPENED |
| 8-20-03 | |
| REPLACEMENT CARD DATE | COMMENTS |

| X CORPORATION | ☐ SOLE PROPRIETORSHIP | ☐ OTHER BUSINESS ASSOCIATION |
|---|---|---|
| ☐ PARTNERSHIP | ☐ PROFESSIONAL FIDUCIARY** | ☐ LIMITED LIABILITY COMPANY |

## DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification--Under penalties of perjury, I certify that:

(1)     The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me),
        and

(2)     I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal
        Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has
        notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

                           Piknik Products Company Inc    8/15/03
                           DEPOSITOR'S NAME                DATE

(CORPORATE SEAL)           [signature]                     TITLE Chief Financial Office

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY MUST BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

8001-44  Rev 7/98                                                                V0299

08/20/2003 14:59 FAX 205 254 4918    STB COMMERCIAL FIN / ABL    ☑003

# SouthTrust Bank

## BUSINESS SIGNATURE CARD

Replacement Card # 62-938-617

### Product Code and Name

145    Piknik Products
         Employees Dental Plan

☐ 2 Signatures req'd    ☑ Facsimile Signature Accepted
DEPOSITOR ☐ DOES**    ☐ DOES NOT  AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any ____ of the following:

Checks will be countersigned by any ____ of the following:

Robert Lampert

---

**Account Title and Address**

Piknik Products
Employees Dental Plan
Wausau Insurance Co. ADMN
3806 Day Street
Montgomery, AL 36108

63 0422832                    8-13-93

TAX I.D. NUMBER                 DATE OPENED
8-20-03
REPLACEMENT CARD DATE            COMMENTS

☑ CORPORATION          ☐ SOLE PROPRIETORSHIP          ☐ OTHER BUSINESS ASSOCIATION
☐ PARTNERSHIP          ☐ PROFESSIONAL FIDUCIARY**       ☐ LIMITED LIABILITY COMPANY

## DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)    The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me),
         and
(2)    I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(CORPORATE SEAL)          PIKNIK PRODUCTS COMPANY, INC   8/15/03
                          DEPOSITOR'S NAME                    DATE
                          BY Robert Lampert     TITLE Chief Financial Officer

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY MUST BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

BCO144  Rev 7/98                                                    V0299

08/20/2003 14:59 FAX 205 254 4818       STB COMMERCIAL FIN / ABL

.08/13/2003  12:09    3342418402       PIKNIK PRODUCTS                    PAGE   04/05

## CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
### Deposit Accounts

Account # **62-938-617**

STATE OF **ALABAMA**                     )

COUNTY OF **MONTGOMERY**                 )  ss.
                                         )

We, **MICHAEL O'CONNELL** and **HERMAN R. LOEB**, hereby certify that we are President and Secretary, respectively, of **PIKNIK PRODUCTS COMPANY, INC** corporation incorporated under the laws of the State of **ALABAMA**, (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of **MONTGOMERY**, State of **ALABAMA** on the **15th** day of **AUGUST**, **2003**.

"BE IT RESOLVED by the Board of Directors of **PIKNIK PRODUCTS COMPANY INC** corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| JEFFERY LARRY | Chairman & CEO | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements, signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

Page 1 of 3
V0193

SD0081AL  Rev. 12/98

08/20/2003 14:59 FAX 205 254 1918   STB COMMERCIAL FIN / ABL   ☑005

# CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
## Deposit Accounts

STATE OF _ALABAMA_ )

COUNTY OF _MONTGOMERY_

Account # _62-938-61_

We, _MICHAEL O'DONNELL_ and _HERMAN R. LOEB_, hereby certify that we are President and Secretary, respectively, of _PIKNIK PRODUCTS COMPANY, INC_, a corporation incorporated under the laws of the State of _PIKNIK ❌ ALABAMA_ (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of _MONTGOMERY_, State of _ALABAMA_ on the _15TH_ day of _AUGUST_, _2003_.

"BE IT RESOLVED by the Board of Directors of _____, a corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| HERMAN R LOEB | VICE CHAIRMAN | _signature_ |
| ROBERT S. LAMPERT | CHIEF FINANCIAL OFFICER | _signature_ |
| | | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

08/20/2003 15:00 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    ☒006

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable), and that the provisions thereof are in conformity with the articles of incorporation and bylaws of the Corporation, and such other matters concerning the Corporation as the Bank may from time to time request; and

"RESOLVED FURTHER, that these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable) will remain in full force and effect until the branch of the Bank where the Account is maintained receives notice in writing from the Corporation of the amendment or revocation thereof and has a reasonable time and opportunity (but not less than two banking days) to act thereon, that any such amendment or revocation will be duly authorized by the Corporation and that the Bank is authorized to act in good faith upon any notice of such amendment or revocation, and that any such amendment or revocation will have prospective effect only."

☐ **Check Card Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that following four resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more SouthTrust Access Card or PIN Request Forms (each, an "Access Card Request Form"), each of which shall constitute the Corporation's agreement to the terms of the SouthTrust Agreement for Check Cards and Other Access Cards - Business (the "Agreement"), in substantially the form of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement are hereby expressly approved;

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized on the Corporation's behalf to: execute any amendments to the Access Card Request Form and the Agreement from time to time; designate the Designated Cardholders set forth in the Access Card Request Form and add or delete one or more Designated Cardholders from time to time, and certify to Bank from time to time the names and titles of the Designated Cardholders; and execute one or more Extended ATM Withdrawal and Purchase Limits Increase Request Forms;

"RESOLVED FURTHER, that each of the persons named in the above resolutions and designated as a Designated Cardholder of the Corporation on the Access Card Request Form may be furnished a SouthTrust Business Check Card (the "Card") and a related personal identification number (the "PIN") by the Bank; that, notwithstanding the foregoing or any other applicable resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon transactions initiated by a single Card or PIN; and that information regarding the Account (and any other account of the Corporation or linked to the Account from time to time) and transactions involving the Account (and any other account of the Corporation linked to the Account from time to time) may be accessed through the Card or PIN; and

"RESOLVED FURTHER, that the Board of Directors of the Corporation does hereby request, authorize and direct the Bank to pay, honor or otherwise rely on any funds transfers, withdrawals, deposits, payments, orders, requests or inquiries made through the use of a Card and that, to the extent permitted by applicable law, the Board of Directors of the Corporation agrees that any use of a Card or the PIN shall constitute authorized use on behalf of the Corporation and the Corporation shall assume and does hereby assume all risk of the misuse or unauthorized use of any Card or PIN."

☐ **Funds Transfer Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that the following two resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are each hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more Funds Transfer Authorization and Agreements (each, a "Funds Transfer Agreement"), Funds Transfer Authorization and Designation Forms (each, a "Designation Form") and Repetitive Funds Transfer Set-Up Requests (each, a "Set-Up Request"), in substantially the form of the Funds Transfer Agreement, Designation Form, and Set-Up Request presented to the Board of Directors, and that the provisions of the Funds Transfer Agreement, the Designation Form, and the Set-Up Request are hereby expressly approved; and

08/20/2003 15:00 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    ☒ 007

"RESOLVED FURTHER, that the execution of one or more Designation Forms, as provided for in the above resolution, shall be a certification by such person as to the due authorization of each Authorized Representative set forth in such Designation Form to act on behalf of the Corporation and that such certification shall be binding on the Corporation, and that notwithstanding the foregoing resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon order initiated by a single Authorized Representative."

We further certify that each and every director of the Corporation waived any and all notice of time, place and purpose of holding of said meeting and consented thereto and as evidence of such waiver and consent signed the minutes of said meeting; that said resolutions and said signatures of directors appear in the Minute Book of the Corporation; and that said resolutions have not been rescinded or modified and are now in full force and effect. We further certify that the Corporation is duly organized and existing and that the Board of Directors thereof had authority to take the action called for by the foregoing resolutions.

We further certify that the signatures appearing above are the true and genuine signatures of the persons named above.

IN WITNESS WHEREOF, we have hereunto set our signatures, and the seal of the Corporation on this _15th_ day of
_August_ , _2003_

_____
President

_____
Secretary

08/20/2003 15:01 FAX 205 254 4918    STB COMMERCIAL FIN / ABL    ☒008
    08/13/2003 12:09    33............    PIKNIK PRODUCTS    PAGE 05/05

Replacement Card #24198

**SouthTrust Bank ☰**

# BUSINESS SIGNATURE CARD

Product Code and Name

145    Piknik Products

☐ 1 Signatures req'd    ☒ Facsimile Signature Accepted
DEPOSITOR ☐ DOES**    ☐ DOES NOT  AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any _____ of the following:

Checks will be countersigned by any _____ of the following:

Account Title
and Address

Piknik Products
P.O. Box 9383
Montgomery, AL. 36108

TAX I.D. NUMBER 63 0422832    DATE OPENED 8-1-74
8-2003    COMMENTS
REPLACEMENT CARD DATE

☒ CORPORATION    ☐ SOLE PROPRIETORSHIP    ☐ OTHER BUSINESS ASSOCIATION
☐ PARTNERSHIP    ☐ PROFESSIONAL FIDUCIARY**    ☐ LIMITED LIABILITY COMPANY

## DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time hereafter to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)    The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
(2)    I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(CORPORATE SEAL)    DEPOSITOR'S NAME PIKNIK PRODUCTS COMPANY, INC    DATE 8/15/03
    BY _____ TITLE Chief Financial Officer

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY MUST BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

500144  Rev 7/02

08/20/2003 15:01 FAX 205 254 4918    STB COMMERCIAL FIN / ABL                               @009

**SouthTrust Bank**

**BUSINESS SIGNATURE CARD**

Product Code and Name

Replacement Card 24198

145    Piknik Products

☐ 2 Signatures req'd    ☒ Facsimile Signature Accepted
DEPOSITOR ☐ DOES**  ☐ DOES NOT  AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any ____ of the following:

Checks will be countersigned by any ____ of the following:

Account Title
and Address

Piknik Products
P. O. Box 9388
Montgomery AL 36108

| | |
|---|---|
| 63 0422832 | 8-1-74 |
| TAX I.D. NUMBER | DATE OPENED |
| 8-20-03 | |
| REPLACEMENT CARD DATE | COMMENTS |

| | | |
|---|---|---|
| X CORPORATION | ____ SOLE PROPRIETORSHIP | ____ OTHER BUSINESS ASSOCIATION |
| ____ PARTNERSHIP | ____ PROFESSIONAL FIDUCIARY** | ____ LIMITED LIABILITY COMPANY |

## DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)     The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me),
        and
(2)     I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal
        Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has
        notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding
because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the
acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally,
payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup
withholding.

(CORPORATE SEAL)

PIKNIK PRODUCTS COMPANY, INC    8/5/03
DEPOSITOR'S NAME                        DATE

BY                              TITLE Chief Financial Officer

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY MUST BE MARKED.   PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

800144  Rev 7/98                                                                                                    V0299

## CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
### Deposit Accounts

Account # __24198__

STATE OF __ALABAMA__ )

COUNTY OF __MONTGOMERY__ )

We, __MICHAEL O'CONNELL__ and __HERMAN R. LOEB__ ; hereby certify that we are President and Secretary, respectively, of __PIKNIK PRODUCTS COMPANY, INC__ , a corporation incorporated under the laws of the State of __ALABAMA__ , (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of __MONTGOMERY__ , State of __ALABAMA__ on the __15th__ day of __AUGUST__, __2003__

"BE IT RESOLVED by the Board of Directors of __PIKNIK PRODUCTS COMPANY, INC__ corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| JEFFERY LARRY | Chairman & CEO | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

08/20/2003 15:02 FAX 205 254          STB COMMERCIAL FIN / ABL                    ☒011

## CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
### Deposit Accounts

TATE OF __ALABAMA__                              )                    Account # __24198__

COUNTY OF __MONTGOMERY__

    We, __MICHAEL O'DONNELL__ and __HERMAN R. LOEB__, hereby certify that we are President and Secretary, respectively, of __PIK NIK PRODUCTS COMPANY, INC__, a corporation incorporated under the laws of the State of __ALABAMA__, (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of __MONTGOMERY__, State of __ALABAMA__ on the __15TH__ day of __AUGUST 2003__.

    "BE IT RESOLVED by the Board of Directors of _____, a corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| HERMAN R. LOEB | VICE CHAIRMAN | |
| ROBERT S. LAMPERT | CHIEF FINANCIAL OFF | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| | | |
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

    "RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

08/20/2003 15:02 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    ☑012

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable), and that the provisions thereof are in conformity with the articles of incorporation and bylaws of the Corporation, and such other matters concerning the Corporation as the Bank may from time to time request; and

"RESOLVED FURTHER, that these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable) will remain in full force and effect until the branch of the Bank where the Account is maintained receives notice in writing from the Corporation of the amendment or revocation thereof and has a reasonable time and opportunity (but not less than two banking days) to act thereon, that any such amendment or revocation will be duly authorized by the Corporation and that the Bank is authorized to act in good faith upon any notice of such amendment or revocation, and that any such amendment or revocation will have prospective effect only."

☐ **Check Card Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that following four resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more SouthTrust Access Card or PIN Request Forms (each, an "Access Card Request Form"), each of which shall constitute the Corporation's agreement to the terms of the SouthTrust Agreement for Check Cards and Other Access Cards - Business (the "Agreement"), in substantially the form of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement are hereby expressly approved;

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized on the Corporation's behalf to: execute any amendments to the Access Card Request Form and the Agreement from time to time; designate the Designated Cardholders set forth in the Access Card Request Form and add or delete one or more Designated Cardholders from time to time, and certify to Bank from time to time the names and titles of the Designated Cardholders; and execute one or more Extended ATM Withdrawal and Purchase Limits Increase Request Forms;

"RESOLVED FURTHER, that each of the persons named in the above resolutions and designated as a Designated Cardholder of the Corporation on the Access Card Request Form may be furnished a SouthTrust Business Check Card (the "Card") and a related personal identification number (the "PIN") by the Bank; that, notwithstanding the foregoing or any other applicable resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon transactions initiated by a single Card or PIN; and that information regarding the Account (and any other account of the Corporation or linked to the Account from time to time) and transactions involving the Account (and any other account of the Corporation linked to the Account from time to time) may be accessed through the Card or PIN; and

"RESOLVED FURTHER, that the Board of Directors of the Corporation does hereby request, authorize and direct the Bank to pay, honor or otherwise rely on any funds transfers, withdrawals, deposits, payments, orders, requests or inquiries made through the use of a Card and that, to the extent permitted by applicable law, the Board of Directors of the Corporation agrees that any use of a Card or the PIN shall constitute authorized use on behalf of the Corporation and the Corporation shall assume and does hereby assume all risk of the misuse or unauthorized use of any Card or PIN."

☐ **Funds Transfer Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that the following two resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are each hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more Funds Transfer Authorization and Agreements (each, a "Funds Transfer Agreement"), Funds Transfer Authorization and Designation Forms (each, a "Designation Form") and Repetitive Funds Transfer Set-Up Requests (each, a "Set-Up Request"), in substantially the form of the Funds Transfer Agreement, Designation Form, and Set-Up Request presented to the Board of Directors, and that the provisions of the Funds Transfer Agreement, the Designation Form, and the Set-Up Request are hereby expressly approved; and

08/20/2003 15:03 FAX 205 254 4918    STB COMMERCIAL FIN / ABL    @013

"RESOLVED FURTHER, that the execution of one or more Designation Forms, as provided for in the above resolution, shall be a certification by such person as to the due authorization of each Authorized Representative set forth in such Designation Form to act on behalf of the Corporation and that such certification shall be binding on the Corporation, and that notwithstanding the foregoing resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon order initiated by a single Authorized Representative."

We further certify that each and every director of the Corporation waived any and all notice of time, place and purpose of holding of said meeting and consented thereto and as evidence of such waiver and consent signed the minutes of said meeting; that said resolutions and said signatures of directors appear in the Minute Book of the Corporation; and that said resolutions have not been rescinded or modified and are now in full force and effect. We further certify that the Corporation is duly organized and existing and that the Board of Directors thereof had authority to take the action called for by the foregoing resolutions.

We further certify that the signatures appearing above are the true and genuine signatures of the persons named above.

IN WITNESS WHEREOF, we have hereunto set our signatures, and the seal of the Corporation on this _25th_ day of
_August_ , _2003_.

_____
President

_____
Secretary

08/20/2003 15:03 FAX 205 254 4918    STB COMMERCIAL FIN / ABL              ☒014
   08/13/2003  12:09   3342418402        PIKNIK PRODUCTS              PAGE  05/05

*Replacement Card  Acct # 61-305-491*

## BUSINESS SIGNATURE CARD

**SouthTrust Bank**

Product Code and Name
*123    Piknik Products Company*
*Controlled Disbursement Ac*

☐ 2 Signatures req'd
DEPOSITOR ☐ DOES**  ☒ DOES NOT  AUTHORIZED BUSINESS
☒ Facsimile Signature Accepted
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any __1__ of the following:

Checks will be countersigned by any ____ of the following:

*Jeffry Long*

Account Title
and Address

*Piknik Products Company*
*Controlled Disbursement Account*
*3806  Day Street*
*Montgomery, AL  36108*

**TAX I.D. NUMBER** *63 0422832*
**DATE OPENED** *11-19-01*
**REPLACEMENT CARD DATE** *8-20-03*
**COMMENTS**

☒ CORPORATION     ☐ SOLE PROPRIETORSHIP        ☐ OTHER BUSINESS ASSOCIATION
☐ PARTNERSHIP     ☐ PROFESSIONAL FIDUCIARY**   ☐ LIMITED LIABILITY COMPANY

### DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time or notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)   The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me),
and
(2)   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

*PIKNIK PRODUCTS COMPANY INC*   DATE *8/15/03*
DEPOSITOR'S NAME
TITLE *Chief Financial Officer*

(CORPORATE SEAL)

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OR AUTHORITY MUST BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

08/20/2003 15:03 FAX 205 254 4818     STB COMMERCIAL FIN / ABL     ☑015

**SouthTrust Bank ≋**

**BUSINESS SIGNATURE CARD**

Product Code and Name

*Replacement card 61-305-491*

*123 Piknik Products Company*
*Controlled Disbursement Accot*

[ ] 2 Signatures req'd     [X] Facsimile Signature Accepted
DEPOSITOR [ ] DOES**     [ ] DOES NOT   AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any ____ of the following:

Checks will be countersigned by any ____ of the following:

Account Title
and Address

*Piknik Products Company*
*Controlled Disbursement Account*
*3806 Day Street*
*Montgomery, AL 36108*

*63 0422832*
TAX I.D. NUMBER                           DATE OPENED

REPLACEMENT CARD DATE                     COMMENTS

[X] CORPORATION          ___ SOLE PROPRIETORSHIP       ___ OTHER BUSINESS ASSOCIATION
___ PARTNERSHIP          ___ PROFESSIONAL FIDUCIARY**   ___ LIMITED LIABILITY COMPANY

**DEPOSIT AGREEMENT**

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)     The number shown on this form is my correct taxpayer identification number (or X am waiting for a number to be issued to me),
        and
(2)     I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal
        Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has
        notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(CORPORATE SEAL)          *PIKNIK PRODUCTS COMPANY, Inc*  DATE *8/5/03*
                          DEPOSITOR'S NAME
                          BY _____   TITLE *Chief Financial Officer*

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY <u>MUST</u> BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

300144  Rev 7/98                                                              V0299

## CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
### Deposit Accounts

Account # 61-30S-491

STATE OF __ALABAMA__ )
COUNTY OF __MONTGOMERY__ )

We, __MICHAEL O'CONNELL__ and __HERMAN R LOEB__, hereby certify that we are President and Secretary, respectively, of __PIKNIK PRODUCTS COMPANY INC__ a corporation incorporated under the laws of the State of __ALABAMA__, (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of __MONTGOMERY__, State of __ALABAMA__ on the __15th__ day of __AUGUST__ __2003__

"BE IT RESOLVED by the Board of Directors of _____, a corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| JEFFERY LARRY | Chairman & CEE | [signature] |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or rendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

ST000STAL  Rev. 12/98

Page 1 of 3
V0199

08/20/2003 15:04 FAX 205 254 4948          STB COMMERCIAL FIN / ABL                    ☐017

# CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
### Deposit Accounts

STATE OF ~~Montgomery~~ *ALABAMA*          )                              Account # 61-305-494

COUNTY OF *Montgomery*          )

We, *MICHAEL O'Connell* and *HERMAN R. LOEB*, hereby certify that we are President and Secretary, respectively, of *PKWK PRODUCTS COMPANY, INC.*, a corporation incorporated under the laws of the State of *ALABAMA*, (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of *Montgomery*, State of *ALABAMA* on the *15th* day of *August 2003*.

"BE IT RESOLVED by the Board of Directors of *PKWK PRODUCTS COMPANY, INC.*, a corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| HERMAN R. LOEB | VICE CHAIRMAN | |
| ROBERT S. LAMPERT | Chief Financial Officer | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

08/20/2003  15:05 FAX 205 254 4918       STB COMMERCIAL FIN / ABL                    ☑018

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable), and that the provisions thereof are in conformity with the articles of incorporation and bylaws of the Corporation, and such other matters concerning the Corporation as the Bank may from time to time request; and

"RESOLVED FURTHER, that these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable) will remain in full force and effect until the branch of the Bank where the Account is maintained receives notice in writing from the Corporation of the amendment or revocation thereof and has a reasonable time and opportunity (but not less than two banking days) to act thereon, that any such amendment or revocation will be duly authorized by the Corporation and that the Bank is authorized to act in good faith upon any notice of such amendment or revocation, and that any such amendment or revocation will have prospective effect only."

☐ **Check Card Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that following four resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more SouthTrust Access Card or PIN Request Forms (each, an "Access Card Request Form"), each of which shall constitute the Corporation's agreement to the terms of the SouthTrust Agreement for Check Cards and Other Access Cards - Business (the "Agreement"), in substantially the form of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement are hereby expressly approved;

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized on the Corporation's behalf to: execute any amendments to the Access Card Request Form and the Agreement from time to time; designate the Designated Cardholders set forth in the Access Card Request Form and add or delete one or more Designated Cardholders from time to time, and certify to Bank from time to time the names and titles of the Designated Cardholders; and execute one or more Extended ATM Withdrawal and Purchase Limits Increase Request Forms;

"RESOLVED FURTHER, that each of the persons named in the above resolutions and designated as a Designated Cardholder of the Corporation on the Access Card Request Form may be furnished a SouthTrust Business Check Card (the "Card") and a related personal identification number (the "PIN") by the Bank; that, notwithstanding the foregoing or any other applicable resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon transactions initiated by a single Card or PIN; and that information regarding the Account (and any other account of the Corporation or linked to the Account from time to time) and transactions involving the Account (and any other account of the Corporation linked to the Account from time to time) may be accessed through the Card or PIN; and

"RESOLVED FURTHER, that the Board of Directors of the Corporation does hereby request, authorize and direct the Bank to pay, honor or otherwise rely on any funds transfers, withdrawals, deposits, payments, orders, requests or inquiries made through the use of a Card and that, to the extent permitted by applicable law, the Board of Directors of the Corporation agrees that any use of a Card or the PIN shall constitute authorized use on behalf of the Corporation and the Corporation shall assume and does hereby assume all risk of the misuse or unauthorized use of any Card or PIN."

☐ **Funds Transfer Resolutions** - If this box is marked, the President and Secretary of the Corporation further certify that the following two resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are each hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more Funds Transfer Authorization and Agreements (each, a "Funds Transfer Agreement"), Funds Transfer Authorization and Designation Forms (each, a "Designation Form") and Repetitive Funds Transfer Set-Up Requests (each, a "Set-Up Request"), in substantially the form of the Funds Transfer Agreement, Designation Form, and Set-Up Request presented to the Board of Directors, and that the provisions of the Funds Transfer Agreement, the Designation Form, and the Set-Up Request are hereby expressly approved; and

08/20/2003 15:05 FAX 205 254 4918    STB COMMERCIAL FIN / ABL    ☒019

1/1,200 14:23 - LOUISI B, NA • Alabama, 10001:Birmingham, 00301:Main Office, 205-254-5000 , 522705 : michael glidewell

"RESOLVED FURTHER, that the execution of one or more Designation Forms, as provided for in the above resolution, shall be a certification by such person as to the due authorization of each Authorized Representative set forth in such Designation Form to act on behalf of the Corporation and that such certification shall be binding on the Corporation, and that notwithstanding the foregoing resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon order initiated by a single Authorized Representative."

We further certify that each and every director of the Corporation waived any and all notice of time, place and purpose of holding of said meeting and consented thereto and as evidence of such waiver and consent signed the minutes of said meeting; that said resolutions and said signatures of directors appear in the Minute Book of the Corporation; and that said resolutions have not been rescinded or modified and are now in full force and effect. We further certify that the Corporation is duly organized and existing and that the Board of Directors thereof had authority to take the action called for by the foregoing resolutions.

We further certify that the signatures appearing above are the true and genuine signatures of the persons named above.

IN WITNESS WHEREOF, we have hereunto set our signatures, and the seal of the Corporation on this _15th_ day of _August_ _2003_.

_____
President

_____
Secretary

08/26/2003 15:05 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                      📧020
     08/13/2003  12:09   3342418402          PIKNIK PRODUCTS                              PAGE 05/05

## SouthTrust Bank

**BUSINESS SIGNATURE CARD**

Product Code and Name

replacement Card #841                     118    PiKNiK Products

☐ 2 Signatures req'd   ☒ Facsimile Signature Accepted
DEPOSITOR ☐ DOES** ☐ DOES NOT  AUTHORIZES BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any ___ of the following:                     Checks will be countersigned by any ___ of the following:

Account Title          Piknik Products
and Address            Hold Mail Union Station
                       Montgomery, AL  36123

3 042283 2                              4-1-74

AXLD. NUMBER                            DATE OPENED
8-20-03                                 COMMENTS
REPLACEMENT CARD DATE

☒ CORPORATION          ☐ SOLE PROPRIETORSHIP        ☐ OTHER BUSINESS ASSOCIATION
☐ PARTNERSHIP          ☐ PROFESSIONAL FIDUCIARY**   ☐ LIMITED LIABILITY COMPANY

### DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)        The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me),
           and
(2)        I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal
           Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has
           notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(CORPORATE SEAL)        PIKNIK PRODUCTS COMPANY Inc    8/15/03
                        DEPOSITOR'S NAME                    DATE
                        Robert S. Tampest    TITLE Chief Financial Officer

** CHECK BOX IN RESOLUTION/CERTIFICATE OF AUTHORITY MUST BE MARKED.  PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

B00144 Rev 7/98                                                                        Y0259

08/20/2003 15:06 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    ☑021

# SouthTrust Bank ☰

*Replacement Card Acct #841*

☐ 2 Signatures req'd    ☒ Facsimile Signature Accepted
DEPOSITOR ☐ DOES**    ☐ DOES NOT    AUTHORIZE BUSINESS
CHECK CARD ACCESS TO THIS ACCOUNT (SEE BELOW)

Checks will be signed by any _____ of the following:

# BUSINESS SIGNATURE CARD

### Product Code and Name

118    *Piknik Products*

Checks will be countersigned by any _____ of the following:

Account Title
and Address

*Piknik Products*
*Hold Mail Union Station*
*Montgomery, AL 36123*

| | |
|---|---|
| *63 0422832* | *4-1-74* |
| TAX I.D. NUMBER | DATE OPENED |
| *8-20-03* | |
| REPLACEMENT CARD DATE | COMMENTS |

☒ CORPORATION          _____ SOLE PROPRIETORSHIP          _____ OTHER BUSINESS ASSOCIATION

_____ PARTNERSHIP          _____ PROFESSIONAL FIDUCIARY**          _____ LIMITED LIABILITY COMPANY

## DEPOSIT AGREEMENT

The depositor named below hereby agrees to abide by and be bound by the Bank's Rules and Regulations Governing Deposit Accounts and Schedule of Services and Service Charges, and by all amendments made to either of them from time to time on notice to the depositor. The undersigned acknowledges receipt of a copy of such Rules and Regulations and Schedule of Services and Service Charges as presently in effect. The undersigned confirms that this account will be used primarily for business purposes. The depositors signing above authorize SouthTrust Bank, National Association to obtain employment and/or credit history in conjunction with the opening of this account.

Certification—Under penalties of perjury, I certify that:
(1)     The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
(2)     I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding.

Certification Instructions—You must cross out item (2) above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item (2) does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

(CORPORATE SEAL)          *Piknik Products Company Inc*          *8/15/03*
                          DEPOSITOR'S NAME                          DATE

                          BY *Richard S. Lampert*          TITLE *Chief Financial Office*

** CHECK BOX IN RESOLUTIONS/CERTIFICATE OF AUTHORITY MUST BE MARKED.    PROFESSIONAL FIDUCIARIES MAY NOT HAVE CHECK CARD ACCESS.

800144  Rev 7/98                                                                      V0299

08/20/2003 15:06 FAX 205 254 4918          STB COMMERCIAL FIN / ABL                    022
         08/13/2003 12:09     3342418402                 PIKNIK PRODUCTS                        PAGE 04/05

CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
Deposit Accounts

STATE OF __ALABAMA__ )                              Account # __841__
COUNTY OF __MONTGOMERY__ )

We, __MICHAEL O'CONNELL__ and __HERMAN R. LOEB__, hereby
certify that we are President and Secretary, respectively, of __PIKNIK PRODUCTS COMPANY, INC.__, a
corporation incorporated under the laws of the State of __ALABAMA__, (the "Corporation"), and that the
following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the
Corporation at a meeting duly called and held in the City of __MONTGOMERY__, State of __ALABAMA__
on the __15th__ day of __AUGUST__, __2003__

"BE IT RESOLVED by the Board of Directors of __PIKNIK PRODUCTS COMPANY, INC.__ a corporation (the
"Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the
Corporation; that any one of the following persons may upon a deposit account with the Bank on behalf of the Corporation
(the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note,
withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or
item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| JEFFERY LARRY | CHAIRMAN & CEO | |
| | | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|------|-------|-----------|
| | | |
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or
given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the
proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to
circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order
of any of the persons named herein or rendered in payment of individual obligations of such persons or other officers of the
Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the
Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts
and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out
the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable)
and/or any agreements signed pursuant to such resolutions, including those required or requested by the Bank; that each of the
persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the
Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the
same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to
the Bank the signatures of the persons named in the above resolution; that the Bank shall be fully protected in relying on any
action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any
claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's
reliance on any such action or certification;

3000671AL.  Rev. 12/98                                                                                    Page 1 of 3
                                                                                                          V0199

08/20/2003 15:07 FAX 205 254 4918          STB COMMERCIAL FIN / ABL          ☒023

# CERTIFIED COPY OF RESOLUTIONS OF BOARD OF DIRECTORS OF CORPORATION
## Deposit Accounts

STATE OF __ALABAMA__ )                                          Account # __841__

COUNTY OF __MONTGOMERY__ )

We, __Michael O'Connell__ and __Herman R. Loeb__, hereby certify that we are President and Secretary, respectively, of __PIKNIK PRODUCTS COMPANY, INC__, a corporation incorporated under the laws of the State of __ALABAMA__, (the "Corporation"), and that the following is a true and correct copy of resolutions duly and regularly passed and adopted by the Board of Directors of the Corporation at a meeting duly called and held in the City of __MONTGOMERY__, State of __ALABAMA__ on the __15th__ day of __August__, __2003__.

"BE IT RESOLVED by the Board of Directors of _____, a corporation (the "Corporation"), that SouthTrust Bank, National Association (the "Bank") is hereby designated a depository of the Corporation; that any one of the following persons may open a deposit account with the Bank on behalf of the Corporation (the "Account"); that funds deposited in the Account may be withdrawn, transferred, or paid upon check, draft, note, withdrawal slip, passbook, certificate of deposit, oral, electronic or written payment or withdrawal order, or other order or item of the Corporation signed or otherwise given by any _____ (one, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| HERMAN R LOEB | VICE CHAIRMAN | |
| ROBERT LAMPERT | Chief Financial Officer | |
| | | |
| | | |

and countersigned or given by any _____ (none, unless otherwise designated) of the following:

| NAME | TITLE | SIGNATURE |
|---|---|---|
| | | |
| | | |
| | | |

that the Bank is hereby requested, authorized and directed to pay or honor any such instrument or order when so signed or given; that the Bank may cash any such instrument or execute any such order and receive any such instrument or order or the proceeds thereof for credit to the account of, or in payment to or from, the payee or other holder thereof without inquiry as to circumstances of the withdrawal or payment or disposition of the proceeds thereof (whether drawn or made to individual order of any of the persons named herein or tendered in payment of individual obligations of such persons or other officers of the Corporation, or otherwise); that each of the persons named herein is authorized to access or request information regarding the Account and transactions made on the Account; that each of such persons is hereby authorized and directed to perform all acts and execute and deliver all documents and instruments which the Corporation may deem necessary or appropriate to carry out the purposes of these resolutions (including the Check Card Resolutions and Funds Transfer Resolutions below, if applicable) and/or any agreements signed pursuant to such resolutions, including those required or requested by the Board of Directors; that each of the persons named herein is authorized to execute on behalf of the Corporation one or more deposit agreements; and that the Corporation shall be bound by the Rules and Regulations of the Bank and its Schedule of Services and Service Charges as the same shall now exist or hereafter be amended;

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank the signatures of the persons named in the above resolutions; that the Bank shall be fully protected in relying on any action or certification of the President or Secretary, and shall be indemnified and saved harmless by the Corporation from any claims, demands, expenses, losses or damages resulting from or arising out of any such action or certification or the Bank's reliance on any such action or certification;

08/20/2003 15:07 FAX 205 254 4918        STB COMMERCIAL FIN / ABL        ☑024

STB ... (...) - ... ... ... NA - Alabama, Birmingham, 00801 Main Office, 205-254-5000 , 522705 : michael gildewell

"RESOLVED FURTHER, that the President or Secretary of the Corporation is hereby authorized and directed to certify to the Bank these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable), and that the provisions thereof are in conformity with the articles of incorporation and bylaws of the Corporation, and such other matters concerning the Corporation as the Bank may from time to time request; and

"RESOLVED FURTHER, that these resolutions (including the Check Card Resolutions and the Funds Transfer Resolutions below, if applicable) will remain in full force and effect until the branch of the Bank where the Account is maintained receives notice in writing from the Corporation of the amendment or revocation thereof and has a reasonable time and opportunity (but not less than two banking days) to act thereon, that any such amendment or revocation will be duly authorized by the Corporation and that the Bank is authorized to act in good faith upon any notice of such amendment or revocation, and that any such amendment or revocation will have prospective effect only."

☐ **Check Card Resolutions** – If this box is marked, the President and Secretary of the Corporation further certify that following four resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more SouthTrust Access Card or PIN Request Forms (each, an "Access Card Request Form"), each of which shall constitute the Corporation's agreement to the terms of the SouthTrust Agreement for Check Cards and Other Access Cards - Business (the "Agreement"), in substantially the form of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement presented to the Board of Directors, and that the provisions of the Access Card Request Form and the Agreement are hereby expressly approved;

"RESOLVED FURTHER, that the persons named in the above resolutions are hereby authorized on the Corporation's behalf to: execute any amendments to the Access Card Request Form and the Agreement from time to time; designate the Designated Cardholders set forth in the Access Card Request Form and add or delete one or more Designated Cardholders from time to time, and certify to Bank from time to time the names and titles of the Designated Cardholders; and execute one or more Extended ATM Withdrawal and Purchase Limits Increase Request Forms;.

"RESOLVED FURTHER, that each of the persons named in the above resolutions and designated as a Designated Cardholder of the Corporation on the Access Card Request Form may be furnished a SouthTrust Business Check Card (the "Card") and a related personal identification number (the "PIN") by the Bank; that, notwithstanding the foregoing or any other applicable resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon transactions initiated by a single Card or PIN; and that information regarding the Account (and any other account of the Corporation or linked to the Account from time to time) and transactions involving the Account (and any other account of the Corporation linked to the Account from time to time) may be accessed through the Card or PIN; and

"RESOLVED FURTHER, that the Board of Directors of the Corporation does hereby request, authorize and direct the Bank to pay, honor or otherwise rely on any funds transfers, withdrawals, deposits, payments, orders, requests or inquiries made through the use of a Card and that, to the extent permitted by applicable law, the Board of Directors of the Corporation agrees that any use of a Card or the PIN shall constitute authorized use on behalf of the Corporation and the Corporation shall assume and does hereby assume all risk of the misuse or unauthorized use of any Card or PIN."

☐ **Funds Transfer Resolutions** – If this box is marked, the President and Secretary of the Corporation further certify that the following two resolutions were also duly adopted:

"RESOLVED FURTHER, that the persons named in the above resolutions are each hereby authorized and directed to execute and submit to the Bank on the Corporation's behalf one or more Funds Transfer Authorization and Agreements (each, a "Funds Transfer Agreement"), Funds Transfer Authorization and Designation Forms (each, a "Designation Form") and Repetitive Funds Transfer Set-Up Requests (each, a "Set-Up Request"), in substantially the form of the Funds Transfer Agreement, Designation Form, and Set-Up Request presented to the Board of Directors, and that the provisions of the Funds Transfer Agreement, the Designation Form, and the Set-Up Request are hereby expressly approved; and

08/20/2003 15:08 FAX 205 254 4918         STB COMMERCIAL FIN / ABL         ☒025

Hibbett Helb - GOIDSIB, NA - Alabama, 00001:Birmingham, 00301:Main Office, 205-254-5000 , S22705 ; michael glidewell

"RESOLVED FURTHER, that the execution of one or more Designation Forms, as provided for in the above resolution, shall be a certification by such person as to the due authorization of each Authorized Representative set forth in such Designation Form to act on behalf of the Corporation and that such certification shall be binding on the Corporation, and that notwithstanding the foregoing resolutions (or any multiple signature or countersignature requirements therein), funds deposited in the Account (and any other account of the Corporation linked to the Account from time to time) may be withdrawn, transferred or paid upon order initiated by a single Authorized Representative."

We further certify that each and every director of the Corporation waived any and all notice of time, place and purpose of holding of said meeting and consented thereto and as evidence of such waiver and consent signed the minutes of said meeting; that said resolutions and said signatures of directors appear in the Minute Book of the Corporation; and that said resolutions have not been rescinded or modified and are now in full force and effect. We further certify that the Corporation is duly organized and existing and that the Board of Directors thereof had authority to take the action called for by the foregoing resolutions.

We further certify that the signatures appearing above are the true and genuine signatures of the persons named above.

IN WITNESS WHEREOF, we have hereunto set our signatures, and the seal of the Corporation on this _15th_ day of _AUGUST_ _2003_

_____
President

_____
Secretary



# MINORITY BUSINESS ENTERPRISE
# CERTIFICATION APPLICATION

*Section VII Attachments*

*Line # 14*

# *Officer*
# *Biographies*



## Management Biographies

**Jeffery Larry**, Chairman and Chief Executive Officer.  Mr. Larry is responsible for the day-to-day operations of the Company.  Mr. Larry is an accomplished attorney with over 17 years of specialization in mergers and acquisitions, recapitalizations, restructurings and workouts, secured and unsecured financings, and private equity transactions.  Mr. Larry has counseled both middle-market and Fortune 500 clients in structuring debt and equity securities, in negotiating acquisition agreements and leveraged buy-outs, and in negotiating corporate joint ventures and collaborations.  Mr. Larry has been a thought leader and influential in the issues surrounding minority business formation, financing and development, and has actively engaged corporations and development organizations in setting industry guidelines.  Mr. Larry is also the founder and Chairman and CEO of Onyx Capital Ventures, L.L.C. ("Onyx").  Prior to founding Onyx, Mr. Larry was a Capital Partner in the Corporate Department of Katten Muchin Zavis Rosenman, with prior experience in the global transactional practices of Mayer, Brown & Platt and Jones, Day, Reavis & Pogue.  Mr. Larry received a J.D. from Harvard Law School in 1985 and a B.A. in Economics from the University of Cincinnati in 1982.

**Herman R. Loeb**, Vice Chairman.  Mr. Loeb is a native of Montgomery, Alabama.  His family owned Piknik Products Company since 1923.  Mr. Loeb has no day-to-day responsibilities for the operations of the Company.

**Patrice Daniels**, Executive Vice President.  Ms. Daniels is a respected financial executive with over 16 years of experience in leveraged finance transactions, with special expertise in arranging equity and debt capital for non-investment grade companies and leveraged buyout firms.  She has sourced, evaluated and managed numerous transactions from $25 million to $5 billion in private and public senior and subordinated debt financings and equity capital.  Most recently, Ms. Daniels was a Managing Director at CIBC World Markets Leveraged Finance Group, where she was responsible for establishing the General Partner's West Coast presence.  Prior to that, Ms. Daniels was Managing Director, Leveraged Finance for BT Securities, where she structured senior debt financings for leveraged buyouts and leveraged recapitalizations.  Ms. Daniels previously served on the Board of Directors of World Color Corporation.  Ms. Daniels received her M.B.A. in Finance from the University of Chicago in 1984 and a B.A. in Business from the University of California at Berkeley in 1982.  Ms. Daniels is also an equity holder and employee of Onyx Capital Ventures, L.L.C.

**Christopher Day**, Executive Vice President.  Mr. Day is a proven operating executive with over 18 years of experience in operations and management.  During the last 11 years he was an operating executive in the packaging industry.  He recently was Co-President of Packtion Corporation ("Packtion"), a company he co-founded that became the leading provider of collaborative design software to the global packaging industry and included Procter & Gamble and Morgan Stanley as its major shareholders.  He previously ran the $100 million metal closure business of Silgan Holdings, Inc., a $2 billion publicly traded packaging company, where he was able to grow sales by 10% annually in a business segment that was declining by over 4% annually through the implementation of a strategy that resulted in significant gains in market share.  This strategy resulted in a near doubling of profitability and allowed Silgan to sell the division to the number one player in the industry for an attractive return on investment.  Mr. Day has also held positions in strategy, corporate finance, sales, marketing and plant management at Tenneco Packaging, Morgan Stanley and Sears, Roebuck & Co.  Additionally, he was selected as a White House Fellow in 1994 and served in the White House as a trade negotiator in the Office of the U.S. Trade Representative.  Mr. Day is House as a trade negotiator in the Office of the U.S. Trade Representative.  Mr. Day is distinguished as the youngest graduate of the J.L. Kellogg School of Management at Northwestern University, receiving his M.B.A. in 1985.  He received a B.A. in Economics from Northwestern University in 1984.  Mr. Day is also an equity holder and employee of Onyx Capital Ventures, L.L.C.

**Robert Lampert,** Chief Financial Officer. Mr. Lampert has over 26 years of financial management experience in the food manufacturing industry. Mr. Lampert has been employed by Piknik Products Company since December 2001. Prior to joining Piknik, he was mployed by Cliffstar Corporation, The Red Wing Company, Inc., Welch Foods and Bama Foods (a division of Welch Foods). Mr. Lampert received his Masters of Business Administration from Saint Bonaventure University in 1985 and his B.S. in Business Administration from the State University of New York in 1976.

**H. Beecher Hicks, III,** Vice President of Sales and Marketing. Mr. Hicks is responsible for developing the strategy for building the condiments and beverage businesses. Previously Mr. Hicks was a Principal with Equilibrium Growth Advisors, LLC, a management consulting and investment-banking firm focused on accelerating the growth of minority business enterprises. He worked previously as Vice President of the Bank of America Catalyst Equity Fund, a small business investment company ("SBIC") focused on investing in disadvantaged businesses, and also as a Vice President-Mergers and Acquisitions and as an Associate with Bank of America Capital Partners and was Assistant to the Chairman of Bank of America. In 1998 Henry was appointed by President William J. Clinton to be a White House Fellow. In this capacity he was Senior Advisor to the Chief Executive Officer of the Corporation for National and Community Service and launched the AmeriCorps Promise Fellows program on behalf of the President and General Colin Powell. Other professional positions have included working as a Senior Associate at PricewaterhouseCoopers and as a Sales Representative with Monsanto. Henry is a member of the board of directors for United Therapeutics Corporation where he serves on the Audit Committee. Henry has a Bachelor of Arts in Marketing from Morehouse College and an MBA in Finance from the University of North Carolina.

**Robert Winter,** Vice President Strategic Planning, Purchasing and Contract Administration. Mr. Winter has over 23 years experience in the consumer packaged goods industry having worked in strategic planning, sales, marketing, acquisitions, consulting, logistics, manufacturing and training. Mr. Winter was VP Logistics and Strategic Planning with Polar Beverages, Director of Operations with Cadbury Schweppes plc, Regional Sales Manager with PepsiCo, Inc and Retail Manager with Richardson Vicks, Inc. Mr. Winter engaged in five acquisitions during his stints with PepsiCo, Cadbury Schweppes and Polar Beverages. In 1995, Mr. Winter conceived and implemented an operations consulting practice within the North American business unit of Cadbury Schweppes. Mr. Winter received a B.S. in Business Administration from Southeast Missouri State University in 1980.



**MINORITY BUSINESS ENTERPRISE**

**CERTIFICATION APPLICATION**

*Section VII Attachments*

*Line # 16*

# Proof of Ethnicity
# of Minority Principals
# of Onyx Capital Ventures, L.L.C.

VERIFY PRESENCE OF ODH WATERMARK       HOLD TO LIGHT TO VIEW

I hereby certify this is an exact copy of the original record which is registered
and preserved in vital statistics, Cincinnati Board of Health.
Witness my signature and the seal of the department. Date Issued: **DEC 2 9 2003**

*Pruit Howard*
Local Registrar, City of Cincinnati
Assistant Commissioner of Health

Reg. Dist. No. **3101**

**OHIO DEPARTMENT OF HEALTH**
**DIVISION OF VITAL STATISTICS**
**CERTIFICATE OF LIVE BIRTH**

Registrar's No. **61- 1734**

Birth No. 134 -

Primary Reg. Dist. No.

| 1. PLACE OF BIRTH | 2. USUAL RESIDENCE OF MOTHER |
|---|---|
| a. COUNTY  Hamilton | a. STATE  Ohio   b. COUNTY  Hamilton |
| b. CITY, VILLAGE, OR LOCATION  Cincinnati | c. CITY, VILLAGE, OR LOCATION  Cinti.  21 |
| c. NAME OF HOSPITAL OR INSTITUTION (If not in hospital or institution, give street address)  General Hospital | d. STREET ADDRESS  2227 Symmes |
| d. IS PLACE OF BIRTH INSIDE CITY LIMITS?  YES | e. IS RESIDENCE INSIDE CITY LIMITS?  YES ☑  NO ☐   f. IS RESIDENCE ON A FARM?  YES ☐  NO ☑ |

| 3. NAME (TYPE OR PRINT)  First  JEFFERY   Middle   Last  Larry |
|---|

| 4. SEX  M | 5a. THIS BIRTH  SINGLE ☑  TWIN ☐  TRIPLET ☐ | 5b. IF TWIN OR TRIPLET, WAS CHILD BORN  1ST ☐  2D ☐  3D ☐ | 6. DATE OF BIRTH  MONTH 2  DAY 4 | 7. COLOR OR RACE  N |
|---|---|---|---|---|

| 7. NAME  First  George   Middle   Last  Larry | 8. COLOR OR RACE  N |
|---|---|

| 9. AGE (At time of this birth)  21  YEARS | 10. BIRTHPLACE (State or foreign country)  Unas | 11a. USUAL OCCUPATION  Laborer | 11b. KIND OF BUSINESS OR INDUSTRY | 
|---|---|---|---|

| 12. MAIDEN NAME  First  Barbara   Middle   Last  WHITE | 13. COLOR OR RACE  N |
|---|---|

| 14. AGE (At time of this birth)  23  YEARS | 15. BIRTHPLACE (State or foreign country)  Unas | 16. PREVIOUS DELIVERIES TO MOTHER (Do NOT include this birth)  a. How many OTHER children are now living?  3   b. How many OTHER children were born alive but are now dead?  0   c. How many children were born dead?  0 |
|---|---|---|

| 17. INFORMANT'S NAME OR SIGNATURE  Barbara Larry |
|---|

| 18. MOTHER'S MAILING ADDRESS  2227 Symmes | 19. DATE SEROLOGIC TEST FOR SYPHILIS  Drawn 2-4-61 |
|---|---|

I hereby certify that this child was born alive on the date stated above.

| 19a. SIGNATURE  *signature* | 19b. ATTENDANT AT BIRTH  M.D. ☐  D.O. ☑  MIDWIFE ☐  OTHER |
|---|---|
| 19c. ADDRESS | 19d. DATE SIGNED  2-4-61 |

| 20. DATE REC'D. BY LOCAL REG.  FEB 16 1961 | 21. REGISTRAR'S SIGNATURE  Mary Ann Berens | 22. DATE ON WHICH GIVEN NAME ADDED  2/7/61  BY |
|---|---|---|



**CALIFORNIA**

DRIVER LICENSE                    CLASS: C

N665 2416

EXPIRES 07-22-04

This license is issued as a license to drive a motor vehicle; does not establish eligibility for employment, voter registration, or public benefits.

PATRICE MARIE DANIELS
124 32ND ST
MANHATTAN BCH CA 90266

SEX: F   HAIR: BRN    EYES: BRN
HT: 5-05  WT: 119    DOB: 07-22-60

RSTR: CORR LENS

05/28/99 235  /  FD/04   RO615



**PIKNIK**
Established 1923
PRODUCTS COMPANY

Patrice Daniels
*EVP Business Development*
pdaniels@piknikproducts.com

Post Office Drawer 9388 • 3806 Day Street
Montgomery, Alabama 36108-0388
334-265-1567 Ext 226 • Fax 334-241-8402



CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER

LOCAL REGISTRATION DISTRICT AND CERTIFICATE NO. 7053

29009

| THIS CHILD | 1a. NAME OF CHILD—FIRST NAME | 1b. MIDDLE NAME | 1c. LAST NAME |
|---|---|---|---|
| | Patrice | Marie | Daniels |

| | 2. SEX | 3a. THIS BIRTH—SINGLE, TWIN OR TRIPLET | 4a. DATE OF BIRTH—MONTH, DAY, YEAR | 4b. HOUR |
|---|---|---|---|---|
| | Female | Single | July 23, 1960 | 4:52 P |

| PLACE OF BIRTH | 5a. PLACE OF BIRTH—NAME OF HOSPITAL | 5b. STREET ADDRESS | |
|---|---|---|---|
| | Queen of Angels Hospital | 2301 Bellevue Avenue | |

| | 5c. CITY OR TOWN | 5d. COUNTY |
|---|---|---|
| | Los Angeles 26 | Los Angeles |

| MOTHER OF CHILD | 6a. MAIDEN NAME OF MOTHER—FIRST NAME | 6b. MIDDLE NAME | 6c. LAST NAME | 7. COLOR OR RACE OF MOTHER |
|---|---|---|---|---|
| | Shirley | Elizabeth | Poydras | Negro |

| | 8. AGE OF MOTHER (AT TIME OF THIS BIRTH) | 9. BIRTHPLACE (STATE OR FOREIGN COUNTRY) |
|---|---|---|
| | 25 years | Bay St. Louis, Miss. |

| USUAL RESIDENCE OF MOTHER | 10. USUAL RESIDENCE OF MOTHER—STREET ADDRESS | 10a. MAILING ADDRESS OF MOTHER | |
|---|---|---|---|
| | 3819 W. 27th St., Apt. 14 | 3819 W. 27th St., Apt. 14, Los Angeles 18 | |

| | 10b. CITY OR TOWN | 10c. COUNTY | 10d. STATE |
|---|---|---|---|
| | Los Angeles 18 | Los Angeles | California |

IF INSIDE CORPORATE LIMITS CHECK HERE X    IF OUTSIDE CITY CORPORATE LIMITS CHECK ONE — ON A FARM □  NOT ON A FARM □

| FATHER OF CHILD | 11a. NAME OF FATHER—FIRST NAME | 11b. MIDDLE NAME | 11c. LAST NAME | 12. COLOR OR RACE OF FATHER |
|---|---|---|---|---|
| | Alonzo | Merdis | Daniels, Jr. | Negro |

| | 13. AGE OF FATHER (AT TIME OF THIS BIRTH) | 14. BIRTHPLACE (STATE OR FOREIGN COUNTRY) | 15. PRESENT OR LAST OCCUPATION | 16. KIND OF INDUSTRY OR BUSINESS |
|---|---|---|---|---|
| | 25 years | Bay St. Louis, Miss. | Clerk | U.S. Post Office |

| INFORMANT'S CERTIFICATION | 17. I HAVE REVIEWED THE ABOVE STATED INFORMATION AND HEREBY CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 17a. DATE SIGNED BY INFORMANT |
|---|---|---|
| | | July 24, 1960 |

| ATTENDANT'S CERTIFICATION | 18. I HEREBY CERTIFY THAT I ATTENDED THIS BIRTH AND THAT THE CHILD WAS BORN ALIVE AT THE HOUR AND ON THE DATE STATED ABOVE | 18a. ☑ PHYSICIAN □ D.O. OR OTHER INFORMANT—SIGNATURE | 18b. ADDRESS |
|---|---|---|---|
| | | Charles W. W.O. M.D. | 1828 S. Western Ave., L.A. |

| REGISTRAR'S CERTIFICATION | 19. DATE ON WHICH GIVEN NAME ADDED BY SUPPLEMENTAL NAME REPORT | 20. LOCAL REGISTRAR—SIGNATURE | 21a. DATE RECEIVED BY LOCAL REGISTRAR |
|---|---|---|---|
| | | Geo. W. M.D. | JUL 2 9 1960 |

PREVIOUS DELIVERIES TO THIS MOTHER

This is a true certified copy of the record if it bears the seal of the County Recorder imprinted in purple ink.

FEE $2.00

JAN 7 1965



COUNTY RECORDER
AND DEPUTY COUNTY HEALTH OFFICER
LOS ANGELES COUNTY, CALIFORNIA



# CERTIFICATION OF VITAL RECORD

# CITY OF BERKELEY
## HEALTH AND HUMAN SERVICES

### CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA - DEPARTMENT OF PUBLIC HEALTH

LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER: 6005 774

| | | | |
|---|---|---|---|
| **THIS CHILD** | 1a. NAME OF CHILD—FIRST NAME: Kenneth | 1b. MIDDLE NAME: Royal | 1c. LAST NAME: Williams |
| | 2. SEX: Male | 7A. BIRTH, SINGLE, TWIN, OR TRIPLET: Single | 3B. IF TWIN OR TRIPLET, THIS CHILD BORN 1ST 2ND 3RD: 4A. DATE OF BIRTH—MONTH, DAY, YEAR: April 6, 1964 / 4b. HOUR: 3:45 P |
| **PLACE OF BIRTH** | 5A. PLACE OF BIRTH—NAME OF HOSPITAL: Herrick Memorial Hospital | 5B. STREET ADDRESS: 2001 Dwight Way | X |
| | 5C. CITY OR TOWN: Berkeley | 5D. COUNTY: Alameda | |
| **MOTHER OF CHILD** | 6A. MAIDEN NAME OF MOTHER—FIRST NAME: Annette | 6B. MIDDLE NAME: Marie | 6C. LAST NAME: Sutton | 7. COLOR OR RACE OF MOTHER: Negro |
| | 8. AGE OF MOTHER: 15 YEARS | 9. BIRTHPLACE: California | 10. MAILING ADDRESS OF MOTHER: Same |
| **USUAL RESIDENCE OF MOTHER (WHERE DOES MOTHER LIVE?)** | 11A. USUAL RESIDENCE OF MOTHER—STREET ADDRESS: 1359 Hearst Street | 11B. IF INSIDE CORPORATE LIMITS CHECK HERE X | IF OUTSIDE CITY CORPORATE LIMITS CHECK ONE: ☐ ON A FARM ☐ NOT ON A FARM |
| | 11C. CITY OR TOWN: Berkeley  EECHE | 11D. COUNTY: Alameda | 11E. STATE: California |
| **FATHER OF CHILD** | 12A. NAME OF FATHER—FIRST NAME: Jerry | 12B. MIDDLE NAME: | 12C. LAST NAME: Williams | 13. COLOR OR RACE OF FATHER: Negro |
| | 14. AGE OF FATHER: 18 YEARS | 15. BIRTHPLACE: California | 16A. PRESENT OR LAST OCCUPATION: Attendant | 16B. KIND OF INDUSTRY OR BUSINESS: Service Station |
| **INFORMANT'S CERTIFICATION** | I HAVE REVIEWED THE ABOVE STATED INFORMATION AND HEREBY CERTIFY THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 17A. PARENT OR OTHER INFORMANT—SIGNATURE: *Mrs. Annette Williams* | 17B. DATE SIGNED BY INFORMANT: April 7, 1964 |
| **ATTENDANT'S CERTIFICATION** | I HEREBY CERTIFY THAT I ATTENDED THIS BIRTH AND THAT THE CHILD WAS BORN ALIVE AT THE HOUR DATE AND PLACE STATED ABOVE | 18A. PHYSICIAN SIGNATURE: *Eugene Taylor M.D.* | 18B. ADDRESS: 2001 Dwight Way, Berkeley |
| **REGISTRAR'S CERTIFICATION** | 19. DATE ON WHICH NAME ADDED BY SUPPLEMENTAL NAME REPORT: | 20. LOCAL REGISTRAR—SIGNATURE: *Clair R. Leonard, M.D., M.* | 21. DATE RECEIVED BY LOCAL REGISTRAR: APR 13 1964 |

This is to certify that this document is a true copy of the official record filed with the City of Berkeley.

Poki Namkung, MD, MPH, Local Registrar and Health Officer

by: *Poki Namkung*

LOCAL REGISTRAR AND HEALTH OFFICER

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

DATE ISSUED: JAN 7 2004

*00024$411*



**EDWARD J. BARRETT**
COUNTY CLERK
BUREAU OF VITAL STATISTICS—130 NORTH WELLS STREET
CHICAGO 6, ILLINOIS

AUG 29 1966

CERTIFICATE OF BIRTH

County of *Cook*    Dist. No. _____    3104    ORIGINAL

*Chicago*    Primary Dist. No. 3104

1. FULL NAME OF CHILD *Lester McKeever*

2. Sex of Child *Male*

3. Full name FATHER *Lester McKeever*    MOTHER *Elnora Peak*

Color or race *Black*    Color or race *Black*

Birthplace *New Jersey*    Birthplace *Georgia*

STATE OF ILLINOIS,
County of Cook

I, EDWARD J. BARRETT, County Clerk of the County of Cook, in the State aforesaid, and Keeper of the Records and Files of said County, do hereby certify that the attached is a true and correct copy of the original Record on file, all of which appears from the records and files in my office.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of the County of Cook, at my office in the City of Chicago, in said County.

*Edward J. Barrett*

County Clerk

