05/23/2005 08:28 FAX 2056675633         SPECIAL ASSETS MGMT                  ☒001

ONYX000628

## NINTH AMENDMENT AND AMENDED FORBEARANCE AGREEMENT

THIS NINTH AMENDMENT AND AMENDED FORBEARANCE AGREEMENT (this "Agreement"), dated and effective the 31st day of March, 2005 (the "Effective Date"), by and among WACHOVIA BANK, NATIONAL ASSOCIATION, a national banking association (successor by merger to SouthTrust Bank, an Alabama banking corporation; hereinafter, "Wachovia"), PIKNIK PRODUCTS COMPANY, INC., an Alabama corporation ("Borrower"), PIKNIK PROPERTIES, INC., an Alabama corporation ("Properties"), HERMAN R. ("RICKY") LOEB, an individual ("Guarantor"), HERMAN LOEB, JR., an individual ("Loeb Jr."), PIKNIK ACQUISITION CORP. LLC, a Delaware limited liability company ("PAC") and ONYX CAPITAL VENTURES, L.L.C., a Delaware limited liability company ("Onyx"; Borrower, Properties, Guarantor, Loeb Jr., PAC and Onyx are sometimes referred to collectively herein as "Obligors").

### RECITALS:

WHEREAS, Borrower is indebted to Wachovia for the following credit facilities (the "Loans"):

(i) a revolving line of credit in the stated principal amount of $7,000,000 ("Revolving Line of Credit");

(ii) a term loan in the stated principal amount of $6,956,000.00 ("Term Loan A");

(iii) letter of credit facility in the stated amount of $6,057,535.00 (the "Letter of Credit"); and

(iv) a credit facility in the stated principal amount of $1,300,000.00 (the "Kraft Project Loan").

WHEREAS, the Loans are evidenced, secured and guaranteed by (a) that certain Second Amended and Restated Credit Agreement dated November 5, 2001, between Borrower and Wachovia, as amended by the following amendments between Obligors and Wachovia: Amendment and Forbearance Agreement dated April 10, 2002, Second Amendment and Amended Forbearance Agreement dated August 31, 2002, Third Amendment and Amended Forbearance Agreement dated January 31, 2003, Fourth Amendment and Amended Forbearance Agreement dated April 30, 2003, Fifth Amendment and Amended Forbearance Agreement dated July 23, 2003, Amendment to Credit Agreement dated February 13, 2004, Sixth Amendment and Amended Forbearance Agreement dated February 13, 2004, Second Amendment to Credit Agreement dated June 24, 2004, Seventh Amendment and Amended Forbearance Agreement dated June 24, 2004, and Eighth Amendment and Amended Forbearance Agreement dated October 15, 2004 (as amended, the "Credit Agreement"); (b) the following notes (the "Notes"):

(v) as to the Revolving Line of Credit, that certain Second Amended and Restated Revolving Note in the stated principal amount of $5,000,000.00 dated November 5, 2001, from Borrower to the order of Wachovia, which was increased to $7,000,000.00 and amended and modified by that certain Note Modification Agreement dated February 13, 2004, and which was extended to December 31,

1337135 v3



PIKNIK ONYX 03121

05/23/2005 08:28 FAX 2056675633          SPECIAL ASSETS MGMT                    ☑002

ONYX000629

2004, by that certain Second Note Modification Agreement dated June 24, 2004 (collectively, and including all amendments heretofore or hereafter made, the "Revolving Note");

(vi)   as to Term Loan A, that certain Second Amended and Restated Term Note A in the stated principal amount of $6,956,000.00 dated November 5, 2001, from Borrower to the order of Wachovia (including all amendments heretofore or hereafter made, "Term Note A");

(vii)  as to the Kraft Project Loan, that certain Promissory Note dated December 23, 2003, payable by Borrower to the order of Wachovia in the principal amount of $1,300,000.00 (the "Kraft Project Note"); and

(c) the other "Loan Documents" (including all "Loan Documents" as defined in the Credit Agreement and the Kraft Project Note), including but not limited to the "Security Documents", the "Guaranty", and the "Pledge Agreements" (as such terms are defined in the Credit Agreement; capitalized terms used herein without definition shall have the meaning ascribed to such term in the Credit Agreement).

WHEREAS, Wachovia is properly perfected in its security interest in all of the Collateral pursuant to the Loan Documents.

WHEREAS, all Obligations owed to Wachovia by Obligors are cross collateralized and cross defaulted, i.e., anything to the contrary notwithstanding, each item of Collateral secures all Obligations, and any default or event of default under any of the Loan Documents constitutes a default or event of default under all other Loan Documents.

WHEREAS, pursuant to the Eighth Amendment and Amended Forbearance Agreement dated October 15, 2004 (the "Eighth Amendment"), the "Partial Repayment" was made and the proceeds thereof were applied to pay off "Term Loan B" and "Term Loan C" (as such capitalized terms are defined in the Eighth Amendment);

WHEREAS, the Obligors have requested that Wachovia extend the Forbearance Period and maturities of the Loans from March 31, 2005, to June 30, 2005.

WHEREAS, Wachovia is willing to extend the Forbearance Period and maturities of the Loans, but only upon the terms and conditions set forth in this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the Obligors and Wachovia agree as follows:

1.   Recitals. Obligors acknowledge and agree that the foregoing recitals are true, correct, and complete. The outstanding principal balance of each Loan as of March 8, 2005, is as follows:

(a)   Revolving Line of Credit: $4,946,315.27.

PIKNIK ONYX 03122

05/23/2005 08:29 FAX 2056675633         SPECIAL ASSETS MGMT                    ☒003

ONYX000630

    (b)    Term Loan A: $3,053,470.79;

    (c)    Letter of Credit: $4,886,410.96; and

    (d)    Kraft Project Loan: $625,333.40.

Obligors hereby acknowledge and agree that no additional advances are available under Term Loan A, Term Loan B, Term Loan C, the Letter of Credit or the Kraft Project Loan (other than approximately $13,600 under the Kraft Project Loan to be used for such purposes as are mutually agreeable between Borrower and Wachovia).

2.    *Forbearance Period.*  Wachovia agrees that, in respect of the "Existing Defaults" only, during the "Forbearance Period" (as defined below), Wachovia will not enforce or exercise any remedies available to it under the Loan Documents, and will not seek collection of the Loans from the Obligors, except as set forth herein. As used herein, the term "Existing Defaults" shall mean the following: (a) the financial covenant Events of Default, known to Wachovia and existing as of the date of this Agreement, under Section 11.7(A) of the Credit Agreement and (b) existing defaults relating to the Variable Rate Industrial Development Revenue Bonds Series 2000 issued by The Industrial Development Board of the City of Montgomery which are set forth in one or more written notices to Wachovia. As used herein, the term "Forbearance Period" means the period of time commencing on the Effective Date of this Agreement and ending on June 30, 2005, subject to an earlier termination of the Forbearance Period as provided in Section 4 below. The parties hereto intend that the Forbearance Period is granted to permit the Obligors to secure alternative financing that will pay Wachovia in full on all outstanding Obligations.

3.    *Payments During Forbearance.*  Interest shall continue to accrue on the principal of the Loans, as set forth in the Loan Documents as amended by this Agreement, until such principal is paid in full. During the Forbearance Period, Borrower shall make all payments in accordance with the payment terms set forth in the respective Loan Documents as amended herein.

4.    *Forbearance Termination.*  Notwithstanding the provisions of Section 2 above, the Forbearance Period shall automatically terminate, after three (3) days' notice by Wachovia to Borrower (unless such notice of prevented by bankruptcy or other applicable law and all other notice otherwise required by the Loan Documents or otherwise being hereby waived) upon (i) any case or other proceeding being instituted by or against Borrower under any state or federal law relating to the bankruptcy or insolvency of debtors; (ii) any "Default" or "Event of Default" (as defined in the Loan Documents and as expanded in section 8 below) occurring under any of the Loan Documents, this Ninth Amendment and/or becoming known to Wachovia other than the Existing Defaults; (iii) any of the acknowledgments, warranties, or representations of Obligors set forth herein being untrue or inaccurate in any material respect as of the date made; or (iv) Obligors breaching, defaulting, or failing to perform any other obligation or agreement contained in this Agreement. Any notice required by this paragraph given by Wachovia to Borrower, shall be deemed sufficient if sent, at Wachovia's election, by hand delivery, over-night courier service (e.g. Federal Express), or facsimile.

5.    *Overadvances.*  Borrower and Wachovia hereby agree that, notwithstanding anything to the contrary in the Credit Agreement, Wachovia will permit overadvances of the Revolving Line

05/23/2005 08:29 FAX 2056675633          SPECIAL ASSETS MGMT                   ☒004

ONYX000631

of Credit over the Borrowing Base from time to time (the aggregate amount of any such overadvances outstanding at any time is hereinafter referred to as the "Overadvance") during the Forbearance Period of up to Three Million and No/100 Dollars ($3,000,000) in the aggregate; provided, however, that the maximum outstanding principal amount under the Revolving Loan shall at no time exceed the Revolving Loan Amount. Borrower acknowledges and agrees that any advance requested by Borrower which will result in an Overadvance shall only be made pursuant to and in conformity with amounts set forth in a budget (the "Advance Budget") delivered to Wachovia prior to the requested advance and which must be in form and content acceptable to Wachovia in Wachovia's sole and absolute discretion.

6.   Extensions of Maturity Dates. The maturity date for all Loans shall be June 30, 2005.

7.   Conditions. Except as may be modified or waived by Wachovia, in its sole discretion, the effectiveness of this Ninth Amendment shall be subject to full and complete satisfaction of the following conditions:

   (a)   Intentionally omitted.

   (b)   Default. There shall exist no condition, event or act which constitutes, or with notice or lapse of time (or both) would constitute, an Event of Default as set forth in the Credit Agreement, as amended, and as amended by this Ninth Amendment other than the Existing Defaults.

   (c)   Certificates of Secretary. Wachovia shall have received a certificate of the corporate secretary (or equivalent thereof for each LLC) of Borrower, Properties, PAC and Onyx, dated as of the date of this Ninth Amendment, certifying as to the incumbency, title and signatures of the authorized representative of Borrower, Properties, PAC and Onyx signing this Ninth Amendment and the documents delivered in connection therewith and certifying that the organizational documents of such Borrower, Properties, PAC and Onyx, as applicable, have not been amended or modified in any manner since October 15, 2004, together with a copy of the resolutions of the board of directors (or equivalent thereof for each LLC) of each of Borrower, Properties, PAC and Onyx authorizing the execution, delivery and performance of this Ninth Amendment and the documents delivered in connection therewith.

   (d)   Intentionally omitted.

   (e)   Extension Fee. Payment of an extension fee by Borrower to Wachovia in the amount of $15,000.

   The documents described in this section 7 are collectively referred to herein as the "Amendment Documents" and are hereby included within the definition of "Loan Documents". By signature to this Agreement, Obligors ratify and affirm all provisions of the Amendment Documents, and consent to the execution of the Amendment Documents by each Obligor which is a party thereto.

8.   Additional Events of Default. Obligors hereby acknowledge and agree that in addition to all Events of Default set forth in the Credit Agreement, each of the other Loan Documents, and amendments thereto, the following shall also constitute an additional Event of Default under the

PIKNIK ONYX 03124

05/23/2005 08:30 FAX 2056675833          SPECIAL ASSETS MGMT                    ☑005

ONYX000632

Credit Agreement and each of the other Loan Documents, entitling Wachovia to discontinue any additional advances of the Revolving Line of Credit and exercise any and all other remedies available to Wachovia under the Loan Documents;

    (a) Other than the Existing Defaults, any "Event of Default" or other violation of any covenant, condition, representation or warranty as defined and/or set forth in any Amendment Document.

9. Nothing contained herein shall constitute a commitment or guarantee by Wachovia to extend any future financing to Obligors or provide any future modifications or extensions to Obligors, except as set forth in the Loan Documents or as otherwise set forth in a written agreement executed by a duly authorized officer of Wachovia.

10. Obligors acknowledge and agree that (i) this Agreement is not intended to be, and shall not be deemed or construed to be, a novation or release of the Loan Documents or any of them; (ii) except as expressly provided in this Agreement, this Agreement is not intended to be, and shall not be deemed or construed to be, a modification, amendment, or waiver of the Loan Documents or any of them; (iii) neither this Agreement nor any payments made or other actions taken pursuant to this Agreement shall be deemed to cure the Existing Defaults unless and until all sums payable pursuant to the Loan Documents are paid in full; (iv) except as otherwise expressly provided in this Agreement, Wachovia reserves all available rights and remedies, at law, in equity, and under the Loan Documents, in connection with any Default or Event of Default, including the Existing Defaults, whether now existing or hereafter occurring, whether now known or unknown to Wachovia, under the Loan Documents; and (v) all requirements in the Loan Documents for notice by Wachovia to the Obligors, or any of them, are hereby waived.

11. Obligors ratify and confirm all terms and conditions of the Loan Documents (as amended hereby, including, but not limited to, the amendments of the Amendment Documents). Obligors acknowledge that: (i) all the Loan Documents are in full force and effect, and (ii) the Loan Documents constitute the legal, valid and binding obligations of Obligors enforceable against Obligors in accordance with their terms. Obligors represent and warrant to Wachovia that as of the date hereof, Obligors have no defenses, setoffs, rights of recoupment, counterclaims or claims of any nature whatsoever in respect to the Loan Documents, and to the extent any such defenses, setoffs, rights of recoupment, counterclaims or claims may exist, whether known or unknown, the same are hereby expressly waived, released and discharged. Obligors represent and warrant to Wachovia that the Loans continue to be secured and guaranteed by the Loan Documents.

12. Obligors, in consideration of Wachovia's agreement to forbear as set forth above, and as a material inducement therefor, do hereby release, remise and forever discharge Wachovia and its affiliates, parents, divisions, subsidiaries, successors, predecessors, stockholders, officers, directors, agents, employees, attorneys, successors, and assigns (Wachovia and such other parties being collectively referred to herein as the "Released Parties") of and from any and all claims, liabilities, actions, and causes of action, if any, of whatever kind or nature, whether known or unknown, those that are contingent, suspected, or unsuspected, and whether concealed or hidden, which have existed, arising out of or in any way connected with any occurrences, acts,

1337835 v3                              - 5

PIKNIK ONYX 03125

05/23/2005 08:30 FAX 2056675633           SPECIAL ASSETS MGMT                    ☒008

ONYX000633

omissions, or transactions involving, directly or indirectly, the Loan Documents, or any of the Obligations, or any other transactions and dealings between the Obligors.

13. Obligors further acknowledge and agree that all of the Loan Documents will continue to secure and guarantee all of the Obligations, and Obligors have heretofore and do hereby waive any right for a marshaling of any of the collateral securing the Loans, including the "Pledged Collateral" or the collateral described in the "Mortgage" (as such terms are defined in the Credit Agreement), now or hereafter subject to the liens and security interests of the Loan Documents.

14. In recognition of Wachovia's right to have all its attorneys' fees and other expenses incurred in connection with the preparation, negotiation and drafting of this Agreement secured by the Collateral, notwithstanding payment in full of all Obligations by Obligors, Wachovia shall not be required to record any terminations or satisfactions of any of its liens on the Collateral unless and until Obligors have executed and delivered to Wachovia releases of all claims, known and unknown which exist as of the date thereof. Obligors understand that this provision constitutes a waiver of its rights under § 7-9A-513 of the Alabama Code. Nothing contained in this paragraph shall limit the ability of the Obligors to request and secure a partial release of Collateral as specifically set forth in the Loan Documents.

15. Each Obligor represents and warrants to Wachovia that as to such Obligor: (i) if such Obligor is a corporation as identified on the first page of this Agreement, it is organized, validly existing and in good standing under the laws of the State of Alabama and the individual signing on behalf of such Obligor has full power and authority to execute, deliver and perform this Agreement and the other Loan Documents on behalf of such Obligor (including, but not limited to, the Amendment Documents), and the same has been duly authorized pursuant to all requisite corporate action; (ii) this Agreement and the other Loan Documents (including, but not limited to, the Amendment Documents) constitute valid and legally binding obligations of such Obligor, enforceable in accordance with their respective terms, except as enforceability may be limited by bankruptcy, insolvency or similar laws affecting the enforcement of creditors' rights generally, and general principles of equity; (iii) the execution, delivery and performance by such Obligor of this Agreement and the other Loan Documents (including, but not limited to, the Amendment Documents), will not and did not, violate, conflict with, or constitute any default under any law (including laws relating to usury), government regulation, or any other agreement or instrument binding upon such Obligor; and (iv) no approval, authorization or other action by, or filing with, any governmental official, board or authority is required in connection with the execution and delivery of this Agreement or any of the other Loan Documents (including, but not limited to, the Amendment Documents), and the performance of the provisions thereof, except such approvals and authorizations as have been received, such actions as have been taken, and such filings as have been made.

16. This Agreement shall be construed in accordance with, and shall in all respects be governed by, the laws of the State of Alabama. The Loans owing under the Loan Documents are payable to Wachovia by Obligors at Wachovia's principal place of business in Birmingham, Jefferson County, Alabama, and the Loan Documents and this Agreement shall be enforceable in the state and federal courts presiding in Jefferson County, Alabama, and any other court of competent jurisdiction.

1337835 v3                                    6

PIKNIK ONYX 03126

05/23/2005 08:31 FAX 2056675633        SPECIAL ASSETS MGMT                    ⌀007

ONYX000634

17. Obligors agree to pay all expenses, including attorneys' fees, incurred by Wachovia in connection with the negotiation and preparation of this Agreement and the Amendment Documents. The validity and effectiveness of this Agreement and Amendment Documents is conditioned upon Borrowers paying all outstanding expenses of Wachovia as of the Effective Date, including attorneys' fees.

18. WAIVER OF JURY TRIAL. OBLIGORS AND WACHOVIA HEREBY EXPRESSLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN ANY LAWSUIT OR OTHER COURT ACTION RELATED TO THE LOANS, THIS AGREEMENT, ANY OF THE LOAN DOCUMENTS OR ANY TRANSACTION CONTEMPLATED HEREBY OR THEREBY, INCLUDING, WITHOUT LIMITATION, IN RESPECT TO ANY CLAIM, COUNTERCLAIM, THIRD-PARTY CLAIM, DEFENSE, OR SET-OFF ASSERTED IN ANY SUCH LAWSUIT OR COURT ACTION. ANY SUCH LAWSUIT OR COURT ACTION SHALL BE TRIED EXCLUSIVELY TO A COURT WITHOUT A JURY. OBLIGORS SPECIFICALLY ACKNOWLEDGE THAT THEIR EXECUTION OF THIS WAIVER OF JURY TRIAL IS A MATERIAL PORTION OF THE CONSIDERATION RECEIVED BY WACHOVIA IN EXCHANGE FOR ITS ENTERING INTO THIS AGREEMENT.

19. This Agreement may be executed in any number of counterparts, but it shall not be necessary that each counterpart be executed by all the parties hereto as long as each party executes at least one such counterpart. When each of the parties hereto has executed at least one counterpart hereof, this Agreement shall thereupon be deemed executed by all parties, and together all such counterparts shall comprise but a single instrument. No provision of this Agreement shall be construed against or interpreted to the disadvantage of any party to this Agreement by any court or other governmental or judicial authority by reason of such party's having or being deemed to have structured or dictated such provision. This Agreement will inure to the benefit of the parties hereto, their respective successors and assigns. This Agreement and the obligations of the parties hereunder shall be interpreted, construed and enforced in accordance with the laws of the State of Alabama. Time is of the essence in the performance of this Agreement.

PIKNIK ONYX 03127

ONYX000635

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

BORROWER:

PIKNIK PRODUCTS COMPANY, INC.,
an Alabama corporation

By: _____
Print Name: Jeffrey Onyx
Its: Chairman & CEO

STATE OF Illinois )
COUNTY OF Cook )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that Jeffrey Lang, whose name as Chairman & CEO of Piknik Products Company, Inc., an Alabama corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal, this 31st day of March, 2005.

_____
Notary Public
My Commission Expires: June 6, 2007

"OFFICIAL SEAL"
Kimberly Ann Koenig
Notary Public, State of Illinois
My Commission Expires June 6, 2007

1337835 v3                                   8

PIKNIK ONYX 03128

05/23/2005 08:32 FAX 2056675633     SPECIAL ASSETS MGMT                    ☒009

ONYX000636

PIKNIK PROPERTIES, INC.,
an Alabama corporation

By: _____
Print Name: _Herman R Loeb_
Its: _President_

STATE OF _Alabama_ )
COUNTY OF _Montgomery_ )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that _Herman R. Loeb_, whose name as _President_ of Piknik Properties, Inc., an Alabama corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand and official seal, this _31_ day of _March_, 2005.

_Patsy Saint_
Notary Public
My Commission Expires: _2/18/2006_

1337135 v3                              9

PIKNIK ONYX 03129

ONYX000637

_____
HERMAN R. ("RICKY") LOEB
Individually and as Guarantor

STATE OF _Alabama_ )
COUNTY OF _Montgomery_ )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that Herman R. ("Ricky") Loeb, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this _31_ day of _March_, 2005.

_____
Notary Public
My Commission Expires: _2/18/2006_

1337835 v3                                10

PIKNIK ONYX 03130

05/23/2005 08:32 FAX 2056675633          SPECIAL ASSETS MGMT                    ☒011

ONYX000638

HERMAN LOEB, JR.

By _____/s/_____, as Attorney in Fact
HERMAN LOEB, JR.
Individually and as a Pledgor

STATE OF ALABAMA   )
COUNTY OF MONTGOMERY )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that Herman R. Loeb, as Attorney in Fact for Herman Loeb, Jr., whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as attorney in fact for Herman Loeb, Jr. executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this __31__ day of __March__, 2005.

_____/s/ Patsy Saint_____
Notary Public
My Commission Expires: __2/18/2006__

1337835 v3                              11

PIKNIK ONYX 03131

ONYX000639

        PIKNIK ACQUISITION CORP. LLC, a
        Delaware limited liability company, as a Pledgor

    By:    ONYX CAPITAL VENTURES, L.L.C., a
           Delaware limited liability company
           its sole member

           By: /s/ [signature]
           Its: Chairman & CEO

STATE OF _Illinois_ )
COUNTY OF _Cook_ )

    I, the undersigned, a Notary Public in and for said County in said State, hereby certify that _Jeffery Harry_, whose name as _Chairman & CEO_ of ONYX CAPITAL VENTURES, L.L.C., a Delaware limited liability company, the sole member of Piknik Acquisition Corp. LLC, a Delaware limited liability company, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said limited liability company.

    Given under my hand and official seal, this the _31st_ day of March, 2005.

        /s/ Kimberly Ann Koenig (SEAL)
        NOTARY PUBLIC
        My Commission Expires: _June 6, 2007_

        "OFFICIAL SEAL"
        Kimberly Ann Koenig
        Notary Public, State of Illinois
        My Commission Expires June 6, 2007

1337835 v3

12

PAGE 3/4 * RCVD AT 3/31/2005 3:31:29 PM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5527 * CSID:3126124340 * DURATION (mm-ss):01-08

PIKNIK ONYX 03132

05/23/2005 08:33 FAX 2056675633        SPECIAL ASSETS MGMT                    ☒013
MAR 31 2005 3:31PM    ONYX CAPITAL VENTURESRSLC    3126124340              P.4

ONYX000640

ONYX CAPITAL VENTURES, L.L.C., a
Delaware limited liability company, as a Guarantor

By: _____
Print Name: Jeffrey Larry
Its: Chairman & CEO

STATE OF Illinois        )
COUNTY OF Cook           )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that Jeffery Larry, whose name as Chairman & CEO of Onyx Capital Ventures, L.L.C., a Delaware limited liability company, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said limited liability company.

Given under my hand and official seal, this 31st day of March, 2005.

Kimberly Ann Koenig
Notary Public
My Commission Expires: June 6, 2007

"OFFICIAL SEAL"
Kimberly Ann Koenig
Notary Public, State of Illinois
My Commission Expires June 6, 2007

1337335 v3                    13

PAGE 4/4 * RCVD AT 3/31/2005 3:31:29 PM [Central Standard Time] * SVR:BHM-RIGHTFAX/15 * DNIS:5627 * CSID:3126124340 * DURATION (mm-ss):01-32

PIKNIK ONYX 03133

ONYX000641

WACHOVIA:

WACHOVIA BANK, NATIONAL
ASSOCIATION, a national banking association

By: _Andy Raine_
Print Name: _Andy Raine_
Its: _Vice President_


STATE OF _Alabama_ )
COUNTY OF _Jefferson_ )

I, the undersigned Notary Public in and for said County, in said State, hereby certify that _Andy Raine_, whose name as _Vice President_ of WACHOVIA BANK, NATIONAL ASSOCIATION, a national banking association, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, s/he, as such officer and with full authority, executed the same voluntarily for and as the act of said banking association.

Given under my hand and official seal, this _1st_ day of _April_, 2005.

_Lisa Laren_
Notary Public                    MY COMMISSION EXPIRES
My Commission Expires: _OCTOBER 22, 2006_

1337835 v3                          14

PIKNIK ONYX 03134

ONYX000642

## CERTIFICATE

I, Herman R. Loeb, do hereby certify as follows:

1. That I am the President of Piknik Properties, Inc., a corporation created and existing under the laws of the State of Alabama (the "Company"), and that as such officer I have custody and control of the records of the Company and am personally familiar with those books and records and the organization and operations the Company.

2. That Jamie Lyn Loeb is the sole shareholder of the Company.

3. That Herman R. Loeb is the sole member of the board of directors of the Company.

4. That set forth below is the name and signature of the duly elected, qualified and acting President of the Company.

| Name | Title | Signature |
|---|---|---|
| Herman R. Loeb | President | [signature] |

5. There is no Item 5.

6. That no suit or proceeding for the dissolution or liquidation of the Company which would effect the Ninth Amendment and Amended Forbearance Agreement entered into the 31st day of March, 2005 by and among Wachovia Bank, National Association, Piknik Products Company, Inc., Piknik Properties, Inc. Herman R. Loeb, Herman Loeb, Jr., Piknik Acquisition Corp.LLC, Onyx Capital Ventures, L.L.C. or the transactions described therein (the "Wachovia Forbearance Agreement") has been instituted or is now threatened.

7. That Exhibit A attached hereto is a true and correct copy of resolutions duly adopted by written consent of the shareholders and directors of the Company on or as of March 31, 2005; such action by the shareholder and directors was authorized by the Articles of Incorporation and Bylaws of the Company and such resolutions remain in full force and effect and have not been modified or amended.

8. That the resolutions attached hereto as Exhibit A constitute all of the actions required to authorize the Wachovia Forbearance Agreement and the transactions contemplated in such resolution.

05/23/2005 08:34 FAX 2056675633          SPECIAL ASSETS MGMT                        ☒016

ONYX000643

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Company, this 31st day of March, 2005.

_____(L.S.)
Herman R. Loeb

P:\onxfiles\00\piknik-90s failure\Piknik Properties Certificate Final.doc          2

PIKNIK ONYX 03136

ONYX000644

## ACTION BY BOARD OF DIRECTORS AND SHAREHOLDERS WITHOUT A MEETING BY UNANIMOUS WRITTEN CONSENT OF ALL DIRECTORS AND SHAREHOLDERS IN LIEU OF SPECIAL MEETING HELD ON MARCH 31, 2005

As permitted by Code of Alabama 1975, sections 10-2B-8.21 and 10-2B-7.04, the undersigned, being all of the directors and shareholders of Piknik Properties, Inc., an Alabama corporation (the "Corporation"), consent to the following action being taken by the board of directors and shareholders without a meeting, and agree that it is taken with like effect and validity as though it were duly taken by unanimous affirmative vote of all directors and shareholders at a special meeting of the directors and shareholders duly called and legally held on March 31, 2005, and direct that their unanimous written consent to the action taken be filed with the minutes of the proceedings of the board of directors and shareholders of the Corporation.

1.  In order to approve that the Corporation enter into the Eighth Amendment and Amended Forbearance Agreement with SouthTrust Bank, the following resolution is adopted:

> "RESOLVED, That the form, terms and provisions of and the transactions contemplated by, the Ninth Amendment and Amended Forbearance Agreement, to be entered into by and among SouthTrust Bank, Piknik Products Company, Inc., Piknik Properties, Inc., Piknik Acquisition Corp., LLC, Onyx Capital Ventures, LLC, Herman R. Loeb and Herman Loeb, Jr. substantially in the form attached hereto as Exhibit "A" and reviewed by the Board, and any and all related agreements (collectively, the "Forbearance Agreement") with such changes therein and additions thereto (substantial or otherwise) as the officer or officers executing the Forbearance Agreement may deem necessary, appropriate or desirable on behalf of or in the name of the Corporation be, and they hereby are, approved and adopted in all respects;
>
> RESOLVE, FURTHER that the appropriate officer or officers of the Corporation be, and they hereby are, authorized to execute and deliver, on behalf of and in the name of the Corporation, the Forbearance Agreement, substantially in the form reviewed by the

PIKNIK ONYX 03137

05/23/2005 08:34 FAX 2056675633         SPECIAL ASSETS MGMT                    ☒018

ONYX000645

Board, with such changes therein and additions thereto (substantial or otherwise) as they officer or officers executing the Forbearance Agreement may deem necessary, appropriate or desirable, for execution thereof by such officer or officers constituting conclusive evidence of his or their authority to make such changes and to execute and deliver the Forbearance Agreement;

RESOLVED, FURTHER, that the Corporation and its officers are hereby authorized and directed to consummate the transactions contemplated by the Forbearance Agreement, when and if executed, in accordance with the terms and conditions and to perform the obligations of the Corporation thereunder; and

RESOLVED, FURTHER, that the officer or officers of the Corporation be and each of them hereby is on behalf and in the name of the Corporation, authorized and directed to do and perform all such other acts and things and to execute and deliver all such other instruments, certificates, notices and documents as may be necessary, appropriate or desirable to effectuate the purposes of the foregoing resolutions and to pay all such costs and expenses as may be required by the terms of any of the foregoing documents."

2.  The Shareholders and Directors of the Corporation do further certify, warrant and represent:

(i)   There are authorized and outstanding 1,000 shares of common stock of the Corporation;

(ii)  Such shares of common stock are owned by Jamie Lyn Loeb, who is the sold shareholder of the Corporation.

(iii) Jamie Lyn Loeb, as the sole shareholder of the Corporation has nominated and elected Herman R. Loeb to serve as the sole director of the Corporation.

(iv)  Herman R. Loeb as the sole director of the Corporation has nominated and elected Herman R. Loeb to serve as President of the Corporation.

_____ L.S.            _____ L.S.
Jamie Lyn Loeb                           Herman R. Loeb

ALL OF THE SHAREHOLDERS                  ALL OF THE DIRECTORS OF
OF PIKNIK PROPERTIES, INC.               PIKNIK PROPERTIES, INC.

– 2 –

PIKNIK ONYX 03138

05/23/2005 08:35 FAX 2058675633          SPECIAL ASSETS MGMT                    ☑019

ONYX000646

**EXHIBIT A**
**RESOLUTIONS**

3

PIKNIK ONYX 03139