ONYX004531

## SECOND AMENDED AND RESTATED GUARANTY

THIS SECOND AMENDED AND RESTATED GUARANTY (this "Agreement") made as of the 15th day of October, 2004, by HERMAN R. ("RICKY") LOEB (the "Guarantor") in favor of SOUTHTRUST BANK, an Alabama banking corporation (the "Bank"). As used in this Agreement, except as otherwise defined herein or unless the context may clearly require to the contrary, all capitalized words and phrases shall have the meaning attributed to them in that certain Second Amended and Restated Credit Agreement dated November 5, 2001, between PIKNIK PRODUCTS COMPANY, INC., an Alabama corporation (the "Borrower") and Bank, as amended by the following amendments between Borrower, PIKNIK PROPERTIES COMPANY, INC., an Alabama corporation ("Properties"), Guarantor, and HERMAN LOEB, JR., an individual ("Loeb Jr.") (Borrower, Properties, Guarantor, and Loeb Jr. are sometimes referred to collectively herein as "Obligors") and Bank: Amendment and Forbearance Agreement dated April 10, 2002, Second Amendment and Amended Forbearance Agreement dated August 31, 2002, Third Amendment and Amended Forbearance Agreement dated January 31, 2003, Fourth Amendment and Amended Forbearance Agreement dated April 30, 2003, Fifth Amendment and Amended Forbearance Agreement dated July 23, 2003, Amendment to Credit Agreement dated February 13, 2004, Sixth Amendment and Amended Forbearance Agreement dated February 13, 2004, Second Amendment to Credit Agreement dated June 24, 2004, Seventh Amendment and Amended Forbearance Agreement dated June 24, 2004, and Eighth Amendment and Amended Forbearance Agreement dated of even date herewith between Obligors, PIKNIK ACQUISITION CORP. LLC, a Delaware limited liability company ("PAC"), ONYX CAPITAL VENTURES, L.L.C., a Delaware limited liability company ("Onyx") and Bank as the same may be amended or modified from time to time, the "Credit Agreement").

*This Second Amended and Restated Guaranty amends, restates and replaces in its entirety that certain Amended and Restated Guaranty from Guarantor in favor of Bank dated November 5, 2001.*

In consideration of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Guarantor agrees, covenants and represents as follows:

1.A. Guarantor hereby absolutely and unconditionally guarantees to Bank the due, regular and punctual payment and prompt performance of all Obligations, including payment of all Default costs. The Obligations specifically include all amounts due and owing under the Credit Agreement, the "Loans", the "Notes" and the other "Loan Documents" (as defined in that certain Eighth Amendment and Amended Forbearance Agreement of even date herewith between Obligors and Bank). Notwithstanding any contrary provision hereof or of any other Loan Document, upon the payment of the "Partial Repayment" (as defined in the Eighth Amendment) and so long as no Event of Default other than Existing Defaults then exists, the maximum cumulative liability of the Guarantor hereunder shall be reduced to the "Guaranteed Amount". As used herein, the term "Guaranteed Amount" shall mean an amount equal to the sum of (i) the outstanding principal balance of the Obligations at the time demand for payment is made against the Guarantor hereunder less $1,700,000, plus (ii) all interest on the outstanding

1289079

PIKNIK ONYX 02340


EXHIBIT 8

ONYX004532

indebtedness evidenced by the Notes (whether accrued before or after a demand for payment is made by Bank) plus (iii) any additional or protective advances made pursuant to the Loan Documents after a demand for payment is made by Bank plus (iv) any fees and/or expenses incurred by Bank in connection with exercising its rights and/or remedies under the Loan Documents. The Guaranteed Amount, or the remaining balance thereof at any time outstanding, will be determined without credit or offset for any amounts received by Bank from any other source, including direct payment by Borrower or any other guarantor of the Obligations, or through liquidation of any collateral now or hereafter given as security for the Obligations. The Guarantor will be credited with a payment against the Guaranteed Amount only if paid after the occurrence of an Event of Default and in response to a demand therefor by Bank. The exhaustion of the Guaranteed Amount shall not relieve the Guarantor from its obligation to pay accrued interest or other costs to Bank which thereafter accrue and/or are incurred.

B. This Guaranty is an unconditional guaranty, and Guarantor agrees that Bank, upon the occurrence of an Event of Default by Borrower under any Note, the Credit Agreement and/or any one or more of the other Loan Documents, shall not be required to assert any claim or cause of action against Borrower or any other party before asserting any claim or cause of action against Guarantor under this Agreement. Furthermore, Guarantor agrees that Bank shall not be required to pursue or foreclose on any collateral that it may receive from Borrower, Guarantor or others as security for any Obligations before making a claim or asserting a cause of action against Guarantor under this Agreement.

C. The failure of Bank to perfect any portion of its security interest in any Collateral as set forth in the Loan Documents or any other collateral now or hereafter securing all or any part of the Obligations, shall not release Guarantor from Guarantor's liabilities and obligations hereunder.

D. To the extent permitted by law: notice of acceptance of this Agreement and of any default by Borrower is hereby waived by Guarantor; presentment, protest, demand and notice of protest and demand of any and all collateral, and of the exercise of possessory remedies or foreclosure on any and all collateral received by Bank from Borrower or Guarantor are hereby waived; and all settlements, compromises, compositions, accounts stated and agreed balances in good faith between any primary or secondary obligors on any accounts received as collateral shall be binding upon Guarantor.

E. This Agreement shall not be affected, modified, or impaired by the voluntary or involuntary liquidation, dissolution, sale or other disposition of all or substantially all of the assets, marshalling of assets and liabilities, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangements, composition with creditors or readjustment of, or other similar proceedings affecting Borrower, Guarantor or any other guarantor, or any of the assets belonging to one or more of them, nor shall this Agreement be affected, modified or impaired by the invalidity of any Note, the Credit Agreement, any of the other Loan Documents or any other document executed by Borrower or Guarantor in connection with the Loans.

F. Without notice to Guarantor, without the consent of Guarantor, and without affecting or limiting Guarantor's liability hereunder, Bank may:

PIKNIK ONYX 02341

ONYX004533

(a) grant any Obligor extensions of time for payment of the Obligations or any part thereof;

(b) renew any of the Obligations;

(c) grant any Obligor extensions of time for performance of agreements or other indulgences;

(d) at any time release any or all of the collateral held by Bank as security for the obligations;

(e) at any time release any other guarantor from such guarantor's guarantee of any of the Obligations;

(f) compromise, settle, release, or terminate any or all of the obligations, covenants, or agreement of any Obligor under any Note, the Credit Agreement, and/or any one or more of the other Loan Documents; and

(g) with Borrower's written consent, modify or amend any obligation, covenant or agreement of Borrower set forth in any Note, the Credit Agreement, and/or the other Loan Documents.

G. This Agreement may not be terminated by Guarantor until such time as all Obligations, including any renewals or extensions thereof, have been paid and performed in full and such payments and performance of the Obligations have become final and are not subject to being refunded as a preference or fraudulent transfer under the Bankruptcy Law or other applicable Law.

2. Guarantor represents and warrants to Bank and covenants that Guarantor has full power and unrestricted right to enter into this Agreement, to incur the obligations provided for herein, and to execute and deliver the same to Bank, and that when executed and delivered, this Agreement will constitute a valid and legally binding obligation of Guarantor, enforceable in accordance with its terms. Guarantor acknowledges that Bank is relying upon Guarantor's covenants herein in making the Loans to Borrower, and Guarantor undertakes to perform Guarantor's obligations hereunder promptly and in good faith.

3. Guarantor covenants and agrees that so long as the Obligations are outstanding, Guarantor will from time to time upon request, furnish to Bank such information regarding the business affairs, finances and conditions of Guarantor and Guarantor's properties as may reasonably be required of Guarantor under the Credit Agreement.

4. If Borrower is or shall hereafter be indebted to Bank for any obligations, liability or indebtedness other than the Obligations, and Bank should collect or receive any payments, funds or distributions, which are not specifically required, by law or agreement, to be applied to the Obligations, Bank may, in its sole discretion, apply such payments, funds or distributions to indebtedness of Borrower other than the Obligations.

PIKNIK ONYX 02342

ONYX004534

5. This Agreement shall be binding upon, and inure to the benefit of, Guarantor, Bank and their respective legal representatives, successors and assigns.

6. The validity, interpretation, enforcement and effect of this Agreement shall be governed by, and construed according to the laws of, the State of Alabama. Guarantor consents that any legal action or proceeding arising hereunder may be brought, at the election of Bank, in the Circuit Court of Jefferson County, of the State of Alabama, or in the United States District Court for the Northern District of Alabama, Southern Division, and assents and submits to the personal jurisdiction of any such courts in any such action or proceeding.

7. GUARANTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY CLAIM, COUNTERCLAIM, SETOFF, DEMAND, ACTION OR CAUSE OF ACTION ARISING OUT OF OR IN ANY WAY PERTAINING OR RELATING TO THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR IN CONNECTION WITH THE TRANSACTIONS RELATED HERETO OR THERETO OR CONTEMPLATED HEREBY OR THEREBY OR THE EXERCISE OF ANY RIGHTS AND REMEDIES HEREUNDER OR THEREUNDER, IN ALL OF THE FOREGOING CASES WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. GUARANTOR AGREES THAT BANK MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED AGREEMENT OF GUARANTOR WITH BANK IRREVOCABLY TO WAIVE TRIAL BY JURY AND THAT ANY DISPUTE OR CONTROVERSY WHATSOEVER BETWEEN THEM SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

8. In the event that any provision hereof is deemed to be invalid by reason of the operation of any law or by reason of the interpretation placed thereon by any court, this Agreement shall be construed as not containing such provisions and the invalidity of such provisions shall not affect other provisions hereof which are otherwise lawful and valid and shall remain in full force and effect.

9. Any notice or payment required hereunder or by reason of the application of any law shall be given and deemed delivered as provided in the Credit Agreement, except no payment shall be deemed received until the actual receipt thereof.

10. The failure at any time or times hereafter to require strict performance by Guarantor of any of the provisions, warranties, terms and conditions contained herein or in any other agreement, document or instrument now or hereafter executed by Guarantor and delivered to Bank shall not waive, affect or diminish any right of Bank hereafter to demand strict compliance or performance therewith and with respect to any other provisions, warranties, terms and conditions contained in such agreements, documents and instruments and any waiver of any default shall not waive or affect any other default, whether prior or subsequent thereto and whether of the same or a different type. None of the warranties, conditions, provisions and terms contained in this Agreement or in any agreement, document or instrument now or hereafter executed by Guarantor and delivered to Bank shall be deemed to have been waived by any act or

ONYX004535

knowledge of Bank, its agents, officers or employees, but only by an instrument in writing, signed by an officer of Bank, and directed to Guarantor specifying such waiver.

11. The obligations of Guarantor under this Agreement will continue to be effective or be reinstated, as the case might be, if at any time any payment from Borrower of any sum due to Bank is rescinded or must otherwise be restored or returned by Bank on the insolvency, Bankruptcy, dissolution, liquidation or reorganization of Borrower or as a result of the appointment of a custodian, conservator, receiver, trustee or other officer with similar powers with respect to Borrower or any part of Borrower's property or otherwise. If an event permitting the acceleration of the maturity of the Loans has occurred and is continuing and such acceleration is at such time prevented by reason of the pendency against Borrower of a proceeding under any Bankruptcy Law, Guarantor agrees that, for the purposes of this Agreement and the obligations of Guarantor under this Agreement, the maturity of the Loans will be deemed to have been accelerated with the same effect as if Bank had accelerated the same in accordance with the terms of the Credit Agreement, the Notes, any of the other Loan Documents or any other document executed in connection with the Loan and Guarantor will immediately pay the unpaid balance of Loans.

12. Guarantor will, on demand, reimburse Bank for all expenses incurred by Bank in connection with the preparation, administration, amendment, modification or enforcement of this Agreement, and if at any time hereafter Bank employs counsel to advise or provide other representation with respect to this Agreement or any other agreement, document or instrument heretofore, now or hereafter executed by Guarantor and delivered to Bank with respect to Borrower or the Obligations, or to commence, defend or intervene, file a petition, complaint, answer, motion or other pleadings or to take any other action in or with respect to any suit or proceeding relating to this Agreement or any other agreement, instrument or document heretofore, now or hereafter executed by Guarantor and delivered to Bank with respect to Borrower or the Obligations or to represent Bank in any litigation with respect to the affairs of Guarantor, or to enforce any rights of Bank or obligations of Guarantor or any other person, firm or corporation which may be obligated to Bank by virtue of this Agreement or any other agreement, document or instrument heretofore, now or hereafter delivered to Bank by or for the benefit of Guarantor with respect to Borrower or the Obligations, or to collect from Guarantor any amounts owing hereunder, then in any such event, all of the reasonable attorneys' fees incurred by Bank arising from such services and any expenses, costs and charges relating thereto shall constitute additional obligations of Guarantor payable on demand.

13. Guarantor, as a material inducement to Bank to enter into the Amendment Documents, does hereby release, remise and forever discharge Bank and its affiliates, parents, divisions, subsidiaries, successors, predecessors, stockholders, officers, directors, agents, employees, attorneys, successors and assigns (Bank and such other parties being collectively referred to herein as the "Released Parties") of and from any and all claims, liabilities, actions and causes of action, if any, of whatever kind or nature, whether known or unknown, those that are contingent, suspected, or unsuspected, and whether concealed or hidden, which have existed, arising out of or in any way connected with occurrences, acts, omissions, or transactions involving, directly or indirectly, the Credit Agreement, the Loan Documents or any of the Obligations, or any other transactions and dealings between the Bank and the Borrower.

1289079

5

PIKNIK ONYX 02344

ONYX004536

14. Guarantor does hereby waive any rights of exemption of property from levy or sale under execution or other process for the collection of debts under the Constitution or laws of the United States or any state thereof as to any of the obligations created hereunder.

15. This Agreement constitutes the entire agreement and supersedes all prior agreements and understandings, both oral and written, between Guarantor and Bank with respect to the subject matter hereof.

1189079

6

PIKNIK ONYX 02345

ONYX004537

HILL HILL CARTER    Fax:3348347600        Oct 15 2004  14:11    P.07

IN WITNESS WHEREOF, this instrument has been duly executed by Guarantor as of the day and year first above written.

_____
Herman R. ("Ricky") Loeb

STATE OF ALABAMA           )
COUNTY OF Montgomery       )

I, the undersigned, a Notary Public in and for said County in said State, hereby certify that Herman R. ("Ricky") Loeb, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me that, being informed of the contents of such instrument, he executed the same voluntarily.

Given under my hand and official seal, this the 15th day of October, 2004.

_____
Notary Public            MY COMMISSION EXPIRES:
My Commission Expires: _____ AUGUST 5, 2008

7

PIKNIK ONYX 02346